# Carr v. The State.

*Indictment for Embezzlement.*

104   43
133  144

1. *Extradition; person extradited for one crime may be indicted and tried for another.*—A fugitive from justice who has been surrendered by one State, upon requisition charging him with the commission of a specific crime, may be indicted and tried in the State to which he is surrendered, for any other or different offense from that designated in the requisition, without first being tried on the charge for which he was extradited, or having an opportunity to return to the State from which he was extradited.

2. *Incompetent juror.*—Where, on a trial under an indictment charging a banker with embezzlement or fraudulently converting to his own use money on deposit, upon the examination of a proposed juror, it is disclosed that he had been a witness before the grand jury in a case against the defendant for receiving money on deposit, knowing the bank to be insolvent, which was then pending in the court, and that he believes the defendant guilty in such case, and in which, if there was a conviction, he would recover of the defendant the amount of his deposit, such proposed juror is incompetent, and should be challenged for cause.

3. *Embezzlement; when no variance between the indictment and proof as to agency.*—Under an indictment which charges the defendant, as agent of a certain named person, with having embezzled or fraudulently converted to his own use money or bank notes, which came into his possession by virtue of his employment, as agent, the indictment is sustained, and there is no fatal variance between its averments and the evidence in respect of the agency, by proof showing that the defendant was a member of a partnership which did a private banking business, and was the manager of such business, and the dealings of the person named in the indictment were had with the partnership as a partnership; since the defendant was no less an agent of such person by reason of the fact that he and another, as members of the partnership, were such agents.

4. *Same; same.*—Under an indictment which charges that the defendant as a "private banker doing business as such, embezzled or fraudulently converted to his own use money, which was deposited with him as a special deposit," the indictment is sustained, and there

is no fatal variance between its averments and the evidence, by proof that the defendant was a member of a partnership which did a private banking business, and was the manager of such business, and that the money was deposited with him as manager of such partnership; since the defendant was guilty, whether the conversion was made by him to his own individual use, exclusive of the use of his co-partner, or to the use of the firm of which he was a member.

5. *Same; evidence of assignee; when relevant.*—In a trial under an indictment, which charges the defendant with converting to his own use a special deposit of money, the assignee of the defendant who was named in a deed of assignment executed subsequent to the deposit, may testify that when he took possession of the assets of the defendant, he received no money belonging to the alleged special depositor; such facts being relevant as tending directly to show the defendant guilty as charged.

6. *Same; when indictment not sustained by the evidence.*—An indictment which charges the defendant with converting a special deposit of money or bank notes to the amount of $1,600.90, is not supported by testimony that the depositor gave the defendant, doing a private banking business, a check, payable in Philadelphia, for collection, that the defendant sent it to New York, that the New York bank collected the check, and credited the defendant's bank with it as a general deposit, and that the proceeds of said check, down to the amount specified in the indictment, were drawn out of the defendant's bank in the usual course of business by the depositor, and no part thereof ever came into the hands of the defendant, or of his bank.

7. *Same; when deposit may be shown to be general.*—Where, under an indictment, the defendant is charged, as a private banker, with having embezzled or fraudulently converted to his own use a certain sum of money deposited with him as a special deposit, it is shown that upon making said deposit the defendant marked on the depositor's pass book "special deposit," and furnished her with a form to be used in drawing on this fund, describing it as a "special deposit," it is competent to show that the deposit was a general deposit, and was so checked upon by the depositor; and a charge to the jury which instructs them that if, by reason of such evidence, they had a reasonable doubt as to whether the deposit was special or not, the defendant could not be convicted, is a proper charge, and should be given.

8. *Same; allegata and probata must correspond.*—To warrant a conviction under an indictment which charges the defendant with having embezzled or fraudulently converted to his own use money, the evidence must show that the money came into the possession of the defendant; and the proof that the defendant received only a check, and not money, will not sustain a verdict of guilty.

APPEAL from the District Court of Colbert.
Tried before the Hon. W. P. CHITWOOD.
The appellant was indicted, tried and convicted for

[Carr v. The State.]

embezzlement. The allegations of the three counts of
the indictment are sufficiently stated in the opinion.
The plea to the jurisdiction of the court, and the facts as
to the demand by the defendant that the juror Neff be
challenged for cause, are the same as contained in the
statement of facts in the case of *Carr v. The State, ante* p. 4.

After having challenged the said Neff peremptorily,
the defendant's challenges were exhausted, and he de-
manded to be allowed the privilege of challenging per-
emptorily one Stout who was put upon him as a juror.
The court refused to allow this challenge, and the defen-
dant duly excepted.

The State introduced evidence tending to show that
Mrs. Rice received a check, or certificate, from an order
of which her husband was, in his life-time, a member,
for the insurance on his life, amounting to $5,000; that
she took this check to appellant at his bank in Tuscum-
bia, and told him she desired the money gotten for it,
and placed in his bank as a special deposit; that he told
her it was good, and that if she would deposit the money
with his bank, he would let her have what money she
needed, and pay her interest on the deposit; and that
after her expressed determination to leave it with him
only as a special deposit, so that she could get her money
when she wanted it, he received the certificate, sent it
forward for collection, informed her that its proceeds had
been received by him on the 29th of April, 1893, and
charged her with the cost of its collection; that he again
endeavored to induce her to make it a general deposit,
but Mrs. Rice, after telling him of some recent losses she
had sustained in some deposits she had made in a bank
at Florence, declined to leave it with him as a general
deposit. To this he acceded, and then prepared a draft
for her for some money she wished to then use, drawing
on her funds by the designation of "special deposit,"
and explained to her that by her drafts so designated,
the employés of the bank would, in his absence, under-
stand from what money her drafts were to be paid. At
the time of the said deposit Mrs. Rice was given a pass
book upon which was marked "special deposit." Sub-
sequent to the making of said deposit, there was drawn
out on the account of Mrs. Rice, all of the money she
had deposited except $1,600.90, which was the amount
in the hands of the Tuscumbia Banking Co. at the time

of their failure. The facts showing that the Tuscumbia Banking Co. was a firm composed of the defendant, Hinton E. Carr and his wife, and that they had failed on June 8, 1893, are substantially the same in this case, as in the case of *Carr v. The State*, p. 4.

The defendant denied having embezzled the money as charged in the indictment, and his contention, and the facts in reference thereto are sufficiently stated in the opinion.

The court *ex mero motu* charged the jury in writing as follows: (A.) "This is a statutory offense, and there are several statutes on the subject. There are three counts, or ways of stating the charge in this indictment. The 1st and 2d counts are under section 3795 of the Code, which reads as follows, to-wit: 'Any officer, agent, or clerk of any incorporated company or municipality, corporation, or clerk, agent, servant or apprentice of any private person or persons, who embezzles or fraudulently converts to his own use or fradulently secretes with intent to convert to his own use, any money or property which has come into his possession by virtue of his office, or employment, must be punished on conviction as if he had stolen it.' Now, before there can be a conviction under these two counts, and under section 3795 of the Code under this indictment, these facts must be established to your satisfaction beyond a reasonable doubt: 1st. That the defendant was the agent of Mrs. Mariah E. Rice. 2d. That the money or bank notes of Mrs. Mariah E. Rice came into his possession by virtue of his office—employment. 3d. That he embezzled it or fraudulently converted it to his own use, the money or bank notes; and further that the offense, if any, was committed in this county within three years before the finding of this indictment." (B.) "The 3d count in the indictment is under section 3797 of the Code. That statute reads as follows: 'Any private banker or commission merchant, factor, broker, attorney, bailee, or other agent, who embezzles or fraudulently converts to his own use, or fraudulently secretes with intent to convert to his own use, any money, property or effects deposited with him, or the proceeds of any property sold by him for another, must be punished, on conviction, as if he had stolen it.' Under this count of this indictment under this statute, in order to convict under it, three facts must be proven

to your satisfaction beyond a reasonable doubt: 1st. The party accused must be a private banker, commission merchant, factor, broker, attorney, bailee or other agent. 2d. The money, property, or effects must have been deposited with him, or the proceeds of any property sold by him for another. 3d. The money, property, or effects must have been embezzled by the accused or fraudulently converted to his own use. These three facts must be established to your satisfaction beyond a reasonable doubt, and that the offense was committed in this county within 3 years before the finding of the indictment before you can convict under this count. The first question you have to settle under this count, then, was the defendant a private banker doing business as such in Colbert Co., Ala., and if so, second, did Mrs. Rice deposit with him money as such private banker, and the amount of said money, and, in the third place, did the defendant embezzle or fraudulently convert to his own use the said money. Now the main contention over this is in regard to the embezzlement of the money, and it is necessary that I should instruct you fully upon this subject. Our supreme court has said the word embezzle used in the statute is one having a technical meaning, and that meaning suggests the character and scope of the proof required to sustain the charge. It involves two several ingredients or elements: 1st. A breach of duty or trust in respect of money, property or effects in the party's possession belonging to another. 2d. The wrongful or fraudulent appropriation thereof to his own use. There must be the actual and lawful possession or custody of the property of another by virtue of some trust, duty, agency, or employment on the part of the accused, and while so lawfully in the possession of such property, it must be unlawfully and fradulently converted to the use of the person so in possession and custody thereof; and in a prosecution under this statute the person charged must have been a private banker, commission merchant, factor, broker, attorney, bailee or other agent. Now, gentlemen, it is a controverted fact in this case, how the defendant came into possession of Mrs. Rice's money, and what kind of a deposit she made with him, if any. I charge you, that there are three classes of deposits, recognized by law and in the banking business, viz., special, specific and general. 1. Special; when the whole contract, ex-

pressed or implied, is that the thing deposited shall be safely kept and the identical thing returned to the depositor. 2. Specific; when money is deposited to pay a specified check drawn or to be drawn on for any purpose other than mere safe keeping or entry on general account, the title remaining in the depositor until the bank pays the person for whom it is intended, or promises to pay it to him. 3. General; all deposits not expressly made special or specific, or unless the circumstances are such as to imply that the deposit is not meant to be general, as when the money is deposited enclosed in a box or bag or sealed up. . Now in this case the third count of the indictment charges that Mrs. Rice's deposit was a special deposit. And the proof must so show it to be such before there can be a conviction under it. The money must have been deposited with the defendant to be safely kept and returned to her when she demanded it; so it remained her money. The fact, however, that she got a pass book and checked against the money would make no difference. However, if she and defendant both understood it was to remain her money until drawn or checked out. Now gentlemen this is the law in this case as I understand it, and you are to determine the facts. You are to look to all the evidence which has been admitted before you and determine what the facts are. You can look to the testimony of all the witnesses, and if there is any conflict in the testimony it is your duty to reconcile it if you can, and if you can not reconcile it, you are to determine what witnesses you will believe, and you must also consider the testimony of the defendant; but in considering his testimony, the law is that you must further consider that he is the party charged with the commission of the offense, and the party who will be punished if he is convicted, and give his testimony such weight, in connection with the other testimony, as you think it is entitled to. If you come to the conclusion beyond a reasonable doubt, from the evidence and the law, as I have charged it, that the defendant is guilty, the form of your verdict will be : 'We the jury find the defendant guilty, and assess the value of the property embezzled' at so much, whatever the proof shows it was. If, on the contrary, you think the defendant is not guilty, or have a reasonable doubt of his guilt, the form of your verdict will be, 'We the jury find the

defendant not guilty.'" The defendant excepted to the whole of the court's general charge, and separately excepted to the several portions thereof. The State requested the court to give the following charges to the jury : (1.) "If the jury believe from the evidence beyond a reasonable doubt that Mrs. Rice's deposit was a special deposit, and that the defendant fraudulently converted it to the use of the partnership of which he was a member, it would be the same as if he had fraudulently converted it to his own use." (2.) "If the jury believe from the evidence beyond a reasonable doubt, that the defendant, Hinton E. Carr, was a member of the co-partnership styled the Tuscumbia Banking Company, and was manager of the business of said firm, and in the management of said business he received the money of Mrs. Maria E. Rice, as a special deposit, and that after he received it he converted it to his own use, or that of the partnership of which he was a member, and did so fraudulently, then said defendant is guilty, as charged in the indictment, and it does not matter whether the agreement to hold Mrs. Rice's money as a special deposit was made in the name of Tuscumbia Banking Company, if Carr was a member of said Tuscumbia Banking Company, and that company was a co-partnership or not." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him : (8.) "If the evidence satisfies the minds of the jury that Carr received the check or certificate for collection and that he collected it through the New York bank, and never brought it to Alabama, and that the money was never with bank or in possession of the defendant, then they will find the defendant not guilty." (9.) "If the jury believe from the evidence that the Tuscumbia Banking Company received this money, and used it, and that Hinton E. Carr did not do so personally, then they must find the defendant not guilty." (10.) "If the jury believe from the evidence that the defendant did not intend to use the money in such manner as to deprive Mrs. Rice of it, then the jury will find the defendant not guilty." (11.) "Before the jury in this case can find the defendant guilty, they must be satisfied beyond a reasonable doubt that Carr received and embezzled the money individually, and not as a member of the Tus-

cumbia Banking Company." (12.) "If the jury believe from the evidence that after the money was deposited, from any act, transaction, circumstance or conversation with Mrs. Rice, that he, the defendant, could reasonably believe that he had a right to use the money, then the jury must find the defendant not guilty." (13.) "If the jury believe from the evidence that the deposit of Mrs. Rice was received by the Tuscumbia Banking Company, and the Tuscumbia Banking Company used the money, and that Carr did not fraudulently convert it to his own use, or embezzle the same or any part thereof, then they will find the defendant not guilty." (14.) "Gentlemen of the jury, if you believe from the evidence that the deposit was made to the Tuscumbia Banking Company, a partnership composed of Hinton E. Carr and Emma Carr, and not to Hinton E. Carr, then the jury will find the defendant not guilty on the third count of the indictment." (15.) "If the jury believe from the evidence that the defendant had no intention to fraudulently convert the money to his own use; then the jury must find the defendant not guilty." (16.) "The State must make out its case, and the evidence must be so strong as to convince the jury of the defendant's guilt beyond all reasonable doubt, and to a moral certainty." (17.) "The State must prove to you, by evidence, all the material ingredients constituting the offense. Now, gentlemen of the jury, if the evidence leaves you a reasonable doubt as to whether or not the agreement between Mrs. Rice and the defendant was, that the defendant take the check and to collect and account for the money as ordinary or general depositors, with the understanding that it was to be held out as Mrs. Rice's special fund, to prevent her husband's creditors from interfering with it, or whether it was a special deposit in law, then you must give the defendant the benefit of such doubt." (18.) "If the evidence satisfies your minds that the deposits were made to the Tuscumbia Banking Company, and not to Carr, as agent of Mrs. Rice, the jury will find the defendant not guilty, on the second and first counts in the indictment." (19.) "If you believe from the evidence that the deposits were made to the Tuscumbia Banking Company, and that the said company used, and converted the money in its business, and further believe from the evidence that the defendant did not embezzle or

fraudulently convert it to his own use, then they will find the defendant not guilty." (20.) "Gentlemen of the jury, a check is not money, and if you believe from the evidence that the defendant received from Mrs. Rice no money, then you must find him not guilty." (21.) "Gentlemen of the jury, in ordinary cases of deposits of money with Banking Companies, or bankers, the transaction amounts to a mere loan, and the bank is to restore, not the same money, but an equivalent sum whenever it is demanded, and failure to pay to depositor is not embezzlement." (22.) "If the State has failed to prove to the satisfaction of the jury, beyond all reasonable doubt, that Hinton E. Carr was the agent of Mrs. Rice, and as such received her money, the jury will find him not guilty on the first count of the indictment." (23.) "If the State has failed to prove, beyond all reasonable doubt, to the satisfaction of the jury, 1st, that Carr was the agent of Mrs. Rice; 2d, that Carr received bank notes to his own use, or embezzled the same, then the jury will find him not guilty." (24.) "If the jury believe from the evidence that deposit marked 'special' upon Mrs Rice's book, and that it was in fact a legal, special deposit, made to the bank, and that the bank used the money in its business, and further that the defendant did not embezzle the same or any part thereof, or fraudulently convert it or any part of it to his own use, then they will find the defendant not guilty." (25.) "Gentlemen of the jury, contracts, verbal or written, are interpreted in the light of the circumstances surrounding the parties and their relation to each other, when they are formed. These circumstances and relations often aid materially in ascertaining the intention of the parties. Now, you must look to all the evidence, and statements made both by Mrs. Rice and Mr. Carr relative to the deposit, as well as all the other evidence in the case, to ascertain whether the defendant received the deposit, as charged in the indictment, or whether it was received by the Tuscumbia Banking Company, and not by the defendant as charged, and you should consider all the evidence to ascertain whether the defendant embezzled or fraudulently converted the deposit to his own use. Now, if the evidence satisfies your minds that the defendant did not embezzle or fraudulently convert said deposit to his own use, as charged in the indictment, but that the deposit

was used by the bank, and not by him as charged, then you will find him not guilty.''

JACKSON, ORME & COOPER and ASA E. STRATTON, for appellant.—1. The comity existing between the States of this Republic shields the accused from trial on any charge against him in the courts of the State to which he may have been surrendered, until after the cause for which he may have been extradited shall have been finally disposed of.—U. S. Constitution, Art. IV, § 22; Code of Alabama, § 2728; *Ex parte McKnight*, 48 Ohio 588, and cases cited.

2. The first charge asked by the State and given omits "beyond a reasonable doubt."—*Pierson v. State*, 99 Ala. 148; *Rhea v. State*, 100 Ala. 119; *Marler v. State*, 67 Ala. 55; *Norris v. State*, 87 Ala. 88; *Allen v. State*, 87 Ala. 109.

3. Charge B. invades the province of the jury and charges upon the weight of the testimony, and should not, therefore, have been given.

4. The fact, however, that she (Mrs. Rice) got a pass-book, and checked against the money, makes no difference, if she and defendant both understood it was to remain her money until drawn out. *Bain v. State*, 70 Ala. 4; *Tidwell v. State*, 70 Ala. 37; *David v. Malone*, 48 Ala. 428.

WM. L. MARTIN, Attorney-General, and THOS. R. ROULHAC, for the State.—That Carr was extradited on one charge,which had not been tried,when the trial of this case of a similar charge came on, is no reason why the grand jury should not indict him on this charge as well, or a trial court try him on this charge before the other one. *Ex parte Barker*, 87 Ala. 4; *Lascelles v. Georgia*, 148 U. S. 537, s. c. 13 S. C. Rep. 687. There is some difference between international and interstate extradition as to this subject.—7 Amer. & Eng. Encyc. Law, pp. 599, 617, 648; *Ker v. Illinois*, 119 U. S. 436.

2. The deposit in this case was a special deposit.—*Alston v. State*, 92 Ala. 127; 1 Morse on Banking, § 183.

3. There can be no difference between Carr's using Mrs. Rice's money for the business of a co-partnership, of which he was a member, and using it for his own individual purposes. The use of it for the firm, of which

he was a member, was in law and in fact the use of it
for his benefit; since whatever benefitted the firm im-
proved his individual interest therein.   In either case,
it was a conversion; and if it was done under such cir-
cumstances as would make the conversion an embezzle-
ment, if only an individual was to be benefitted by the
conversion, it would be so, if his firm was to derive the
profit.—*Reeves v. State*, 95 Ala. 42.

McCLELLAN, J.—The defendant had no immunity
or right of exemption from prosecution, trial and con-
viction in this case by reason of the fact that he had been
surrendered by the State of Iowa on a requisition from
this State for another and different offense for which he
has not been tried, and upon an indictment for which he
was still being held, and the district court did not err in
holding his plea setting up such immunity or exemption
bad, and proceeding with the trial of this cause.—*Carr v.
State, ante*, p. 4, and authorities there cited.

The juror Neff should not have been put upon the de-
fendant, his connection as the party alleged to have been
defrauded and as a witness in another case against this
defendant, each case resting, as each does, on the fraud
of the defendant in conducting a banking business at
Tuscumbia, the fraud in each having been committed
about the same time, if at all, and Neff's admission that
he had "made up his mind" that defendant was guilty
in the other case could not have failed to have impressed
a disqualifying bias on his mind in this case, and taken
from him the attribute of impartiality which the consti-
tution secures to defendants.   The court erred in disal-
lowing defendant's challenge for cause of this juror; and
also, of course, in disallowing his peremptory challenge
of the juror Stout, on the idea that defendant had been
properly put to the exhaustion of his peremptory chal-
lenges counting that laid against Neff as one of them.—
*Carr v. State, ante*, p. 4, and authorities there cited.

The indictment contains three counts.   The first count
count charges that Hinton E. Carr, an agent of Maria E.
Rice, embezzled or fraudulently converted to his own use
money to about the amount of $1,600.90 which came into
his possession by virtue of his employment as such agent
by said Maria E. Rice, the money being laid as the prop-
erty of Maria E. Rice.   The second count differs from

the first only in describing the property as "bank notes" instead of "money." And the third count charges that Hinton E. Carr, a private banker doing business as such, embezzled or fraudulently converted to his own use money to the amount of $1,600.90, the property of Mrs. Maria E. Rice which was deposited with said Carr by said Maria E. Rice as a special deposit. The evidence showed that Carr was a member of a partnership composed of himself and his wife, which did a private banking business under the name and style of the Tuscumbia Banking Company, the defendant being the manager of this business, and the dealings of Mrs. Rice were with this partnership under that name and style. Many objections to evidence offered by the State were interposed, and many refusals of the court to give instructions for the defense were excepted to by the defendant, on the theory that there was a fatal variance between the averments of the indictment and the evidence adduced in respect of the agency, alleged in the first and second counts, and the identity of the "private banker," alleged in the third count to have received Mrs. Rice's funds on special deposit with the Tuscumbia Banking Company, which, according to the evidence, did receive this deposit, if any such deposit was made. There is no merit in this position. Hinton E. Carr was no less the agent, if agent at all, of Mrs. Rice by reason of the fact that not he alone was such agent but both he and his wife, as members of the partnership, were such agents; and his civil and criminal liability for the conversion of Mrs. Rice's money was precisely the same in either event. So in respect of the alleged special deposit: He was a private banker, and the deposit was made with him to all legal intents and purposes, although the business was carried on and the deposit was received by him and another constituting a partnership. Moreover, it is wholly immaterial whether the conversion was made by him to his own individual use, excluding the use of his co-partner, or to the use of the firm of which he was a member; in either case the conversion was to his benefit, and "to his own use" as averred in the indictment.

The fact as testified to by Sampson, the assignee, that when he took possession of the assets of the bank he received no money belonging to Mrs. Rice, was clearly not illegal or irrelevant as evidence under the third count,

and these are the only grounds of the objection made to it.   If he had found Mrs. Rice's money on special deposit in the bank, there could have been no conversion, and hence could be no conviction.   And the fact that no such deposit was there, tended directly to show a conversion on the assumption that she had made a special deposit.

We find no error in the general charge of the court, or the charges given at the instance of the State.

Charge 8 refused to the defendant should have been given.   It was not abstract.   The evidence for the defendant tended to show that neither he nor the Tuscumbia Banking Company ever had possession of any money belonging to Mrs. Rice.   The defendant himself testified that Mrs. Rice gave him a check drawn by an insurance association in her favor, payable in Philadelphia, for collection; that he sent the check to his correspondent bank in New York city for that purpose; that said bank collected the check and entered the proceeds up to the credit of the Tuscumbia Banking Company on its books as a general deposit made by the latter company; and that such proceeds were checked out by the Tuscumbia Banking Company in the usual course of business, no part thereof ever coming into the hands of the defendant or his firm.   If the jury believed this evidence, they could not have found the defendant guilty.   Under it all he ever received from Mrs. Rice was the check for $5,000, and not money or bank notes, as alleged in the first and second counts of the indictment, to the amount of $1,600.90 ; and under it, there was no special deposit by Mrs. Rice of $1,600.90, or any other sum with the defendant or with the Tuscumbia Banking Company.   It may be that conceding the truth of this evidence, the defendant would still be guilty of embezzling the check, but that charge is not made in this case.   And whether this evidence be true or false was, of course, a question for the jury, and the defendant had a clear right to have it submitted to them as he sought to do by charge 8. Its refusal was error.

There was also evidence upon which it was open to the jury to conclude that, notwithstanding the pass book given Mrs. Rice by Carr described her deposit as a special deposit, and notwithstanding also that Carr furnished her with a form of a filled out check to be used in draw-

ing on this fund whereon he wrote the words, "special deposit," the deposit was nevertheless a general one, and was called and written down a special deposit only for the purpose of keeping it safe from the creditors of Mrs. Rice's deceased husband, and not to the end that the bank should safely keep the particular money as hers, for her and return it to her. If this was true, or if the jury had a reasonable doubt, because of this evidence, whether the deposit was special or not, the defendant should not have been convicted, since a general deposit is not alleged in the indictment, and confessedly, if it had been, no criminal responsibility attached to the use of money so deposited by the defendant or the bank, it being the money of the bank, on account of which the relation of debtor and creditor only could exist between the parties. Charge 17 asserts this proposition and should have been given unless its refusal may be justified for that it may be supposed to refer a legal question to the jury.

Each count of the complaint charges the defendant with having received, in one form or another, money from Mrs. Rice. On one aspect of the evidence, he received only a check from her directly or indirectly. Obviously a check is not money, and obviously also unless he did receive money of hers, the jury should have acquitted him. Charge 20 asked by the defendant asserts this, and should have been given. Upon the same considerations, charges 22 and 23, having reference to the first and second counts of the indictment, respectively, should have been given.

Each of the other charges requested by the defendant was properly refused.

The judgment of the district court is reversed and the cause remanded.

Reversed and remanded.