# Thomas v. The State.

## *Indictment for Murder.*

1. *Organization of jury; challenge of juror.*—The grand jury which preferred an indictment against the defendant also preferred indictments against several other parties charged with the same offense with which the defendant was charged. The several indictments against the other parties were pending in the court and said other persons were in custody awaiting trial under said indictment. In selecting the jury for the trial of the defendant, two of the jurors, upon being examined on their *voir dire,* testified that they were second cousins to two of the other persons who were indicted for the same offense as was the defendant. *Held:* That such relationship was a ground for challenge for cause of said jurors, and the court did not err in permitting the State to challenge said jurors for cause.

2. *Charge as to reasonable doubt.*—On the trial of a criminal case, a charge which instructs the jury that if they "have a reasonable doubt as to the conclusions of the proof of any single fact, which it is necessary for the State to prove, they must acquit the defendant," is confusing and calculated to mislead the jury, and for these reasons is properly refused.

3. *Charge to the jury; must be complete in itself.*—A charge requested to be given to the jury must be complete in itself; and a charge which instructs the jury that "a reasonable * * * is a doubt which naturally arises in the mind in

[Thomas v. The State.]

considering the evidence," is properly refused because it is incomplete.

4. *Charge of court to jury.*—In the trial of a criminal case, a charge which instructs the jury that "the proof of suspicious facts against the accused, does not even require him to rebut it, and the jury can not convict on suspicious facts merely," is erroneous and properly refused, in that it assumes the proof of suspicious facts and at the same time ignores other evidence in the case.

5. *Evidence; admissibility of declarations and conduct of conspirators.*—When the evidence introduced in a criminal case is such as would justify the jury in reasonably inferring the existence of a conspiracy between the defendant and other persons to commit the crime with which the defendant is charged, the acts, declarations and conduct of the other conspirators, in promotion of the purpose of the conspiracy, or in furtherance of the common design to commit the crime, are competent and admissible as evidence against the defendant.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

The appellant, John Thomas, was jointly indicted with Tom Murphy for the murder of Robert White by hanging him by the neck with a rope, was convicted of murder in the second degree, and sentenced to the penitentiary for ten years. The indictment was preferred at a special term of the circuit court. At this term, thirteen other persons were convicted for the murder of said Robert White. The facts relating to the organization of the jury are sufficiently stated in the opinion.

There was evidence introduced by the State tending to show that a conspiracy existed between the defendant and several other persons for the capture and lynching of said Robert White. After the introduction of such evidence, the State asked several different witnesses to tell what was said and done by the defendant and the others after the capture of said White and before he was hung. The defendant separately objected to each of these questions, upon the ground that such evidence was incompetent, illegal and immaterial. The court overruled each of the objections, and the defendant separately excepted.

[Thomas v. The State.]

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (19.) "If the jury have a reasonable doubt as to the conclusions of the proof on any single fact, which it is necessary for the State to prove, they must acquit the defendant." (16.) "A reasonable * * * is a doubt which naturally arises in the mind in considering the evidence." (18.) "The proof of suspicious facts against the accused does not even require him to rebut it, and the jury can not convict on suspicious facts merely."

W. M. LACKEY, for appellant.—The relationship of the jurors and the other persons who were indicted for the same offense with the defendant did not constitute a ground of challenge for cause.—*Jones v. Drewry,* 72 Ala. 311; *Yneistra v. Tarleton,* 67 Ala. 129; *Carlisle v. Goodwin,* 68 Ala. 137.

The court erred in refusing the charges requested by the defendant.—*Wharton v. State,* 73 Ala. 366; *Tatum v. State,* 63 Ala. 147.

CHAS. G. BROWN, Attorney-General, and S. L. BREWER, for the State.—The relationship of the jurors to other persons indicted for the same offense with which the defendant was charged constituted a ground for challenge. That such jurors were related by affinity within the fifth degree can not be questioned.—*Danzey v. State,* 126 Ala. 15; 28 So. Rep. 697; *Kirby v. State,* 89 Ala. 63.

The answer to the position, or contention, of the appellant is that the enumerated grounds of challenge for cause are not exclusive of all others, and if it can be made to appear that the juror was not a fit person to serve as a juror in the case, the court had the unquestionable right in the interest and furtherance of justice, *ex mero motu,* to stand the juror aside, or to allow the State to challenge him for cause.—*State v. Marshall,* 8 Ala. 302; *Williamson v. Mayer Bros.,* 117 Ala. 253; *Griffin v. State,* 90 Ala. 596; *Smith's Case,* 55 Ala.

1; *Dothard v. Denton*, 72 Ala. 541; *Sutton v. Fox,* 55 Wis. 531; s. c. 42 Am. Rep. 744.

In most if not all the cases cited above the challenge was also allowed for cause not enumerated by the statute; and there are other cases where challenge is allowed for cause not enumerated.—*Carr's Case*, 104 Ala. 4; *Ib.* 104 Ala. 43; *Wickard's Case*, 109 Ala. 45.

The court did not err in admitting in evidence the declarations of co-conspirators at the time the deceased was caught and before he was hung. The record shows that at the time the evidence was admitted there was evidence that a conspiracy existed and that the defendant was one of the conspirators and as the declarations were in furtherance of the common purpose the evidence was admissible for that reason.—*Alston's Case,* 109 Ala. 51; *Bridge's Case,* 110 Ala. 15; *Hunter's Case,* 112 Ala. 77; *Johnson's Case,* 87 Ala. 39; *Wood's Case,* 128 Ala. 271; 29 So. Rep. 557.

Charges requested by the defendant were properly refused.—*Yarbrough v. State,* 115 Ala. 92; *Webb v. State,* 106 Ala. 53; *Barnes v. State,* 111 Ala. 56; *Bones v. State,* 117 Ala. 138; *Griffith's Case,* 90 Ala. 583; *Lowe's Case,* 88 Ala. 8.

DOWDELL, J.—The defendant and one Tom Murphy were jointly indicted at a special term of the circuit court of Elmore county for the murder of Robert White *alias* Robin White, by hanging him by the neck with a rope. The defendant Murphy was not arrested, and on motion of the solicitor a severance was ordered by the court, and the defendant Thomas was tried alone. The bill of exceptions recites as follows: "Thereupon, it was, before the examination of any of the jurors on their *voir dire,* conceded by the defendant that the following named persons, to-wit, Lem Strength, John Strength, Will Still, Martin Fuller, Dave Parker, Jim Pugh, Ben Martin, Jr., Tom Duncan, and Tom Dorrough were indicted at this special term of the court for the murder of Robert White *alias* Robin White at the same time and place that the defendant Thomas is indicted for, and that said parties are not indicted in the same indictment with defendant, but under differ-

ent indictments, and that said indictments are pending in the court, and that Ben Martin, Jr., and Will Still are in custody awaiting trial at this time of this term on said indictments against them." In selecting the jury for the trial, the name of W. F. Adkins was drawn as a juror, and upon examination on his *voir dire,* it was shown that he was a second cousin to the wife of Ben Martin, Jr., who was then in custody, awaiting trial under an indictment for the same offense. Against the objection of the defendant, the court allowed the State to challenge said juror for cause, to which ruling the defendant excepted. Likewise the name of W. Britt was drawn as a juror, who, on examination on his *voir dire,* was shown to be a second cousin to Will Still, who was then in custody awaiting trial under indictment on the same charge. Against the objection of the defendant, the court allowed the State to challenge this juror for cause, and to which ruling the defendant excepted. It is contended by counsel for the appellant that the relationship here is not named in the statute, (Code, 1896, § 5016), as a ground of challenge for cause. It is not questioned but that the degree of the kinship is within that specified in subdivision 4 of section 5016, but it is urged that the relationship of the juror is not with any one of the persons named in the statute, and, therefore, can not be a ground of challenge for cause; the insistence being, that as the statute specifies certain persons whose relationship to the juror disqualifies, and furnishes ground for challenge, that it must be construed as forbidding as ground of challenge for cause the relationship of the juror to any other person. If the statute calls for such a construction, then it would follow, that in the case of a joint indictment against two or more for the same offense, where a severance is demanded, which is a matter of right (Code, § 5275), the defendant on trial alone, might have the father or brother of the other person jointly indicted with him and awaiting trial, to sit as a juror in his case. It requires no argument to demonstrate that such a juror, in the very nature of things, would not be exempt from influences, that would render him incompetent to act

as a fair and impartial judge. Again, if the construction asked for, be the proper one, the logic of the reasoning would confine the grounds of challenge of the juror for cause, to those mentioned in the statute, since the reasoning proceeds upon the idea that the specifying of certain things in the statute, is the exclusion of everything not mentioned; or as it is put in argument, the mention of particular persons, is to the exclusion of persons not mentioned. The decisions of this court are opposed to the views urged in argument by counsel for appellant. In *State v. Marshall*, 8 Ala. 302, it was decided, that the enumeration in the statute of causes for challenge was not in exclusion of all others. The purpose of the statute is to secure a fair trial between the State and the defendant by an honest, impartial and intelligent jury. It was never contemplated by the lawmakers, that the enumeration of causes for challenge should operate to deny to either the State or the defendant the very thing that it was the purpose of the statute to secure—a fair trial by an honest, impartial, and intelligent jury. The principle laid down in *Marshall's case, supra,* has since been reasserted and adhered to in the following cases: *Smith v. State,* 55 Ala. 1; *Brazleton v. State,* 66 Ala. 96; *Griffin v. State,* 90 Ala. 596 ; *Carr v. State,* 104 Ala. 4; *Id.* 104 Ala. 43; *Wickard v. State,* 109 Ala. 45. In *Brazleton's case, supra,* it was said: "Impartiality, freedom from bias or prejudice, capacity without fear, favor or affection, a true deliverance to make between the accused and the State, the law demands as a qualification of a juror; and it is as essential as the impartiality of a judge. Relationship within certain degrees, whether of consanguinity or affinity, is an absolute disqualification. It is not only such relationship, but temporary relations formed in the course of business, or in the intercourse of life, which may disqualify, whenever they may import a just belief of a want of impartiality—that a juror cannot stand indifferent, either from interest, or from the favor springing out of the relation." In that case the juror was bail for the defendant, and it was held to be good ground of challenge for cause. Our conclusion

is, that the trial court in the case before us, properly allowed the State to challenge the jurors for cause.

Charge No. 19 is involved and far from being clear. It was calculated to confuse and mislead the jury, and for that reason the court committed no error in refusing it.

Charge 16 requested by the defendant is incomplete. Where a word or words are omitted from a charge, which render it incomplete, it is not incumbent on the court to supply such omission in order to give it sense and meaning. The statute requires charges when requested in writing, to be given or refused as asked.

Charge 18, assuming the proof of suspicious facts, and at the same time ignoring the other evidence in the case, was misleading in its tendency, and for this reason if no other was bad and, therefore, properly refused.

There were exceptions reserved to other charges given and refused, but no comment is necessary, as it is conceded in argument by counsel for appellant, that there is no merit in these exceptions.

After evidence introduced from which the jury might reasonably infer the existence of a conspiracy, the declarations and conduct of a conspirator in furtherance of the common purpose are admissible in evidence against a co-conspirator.—*Hunter v. State*, 112 Ala. 77; *Johnson v. State*, 87 Ala. 39; *McAnally v. State*, 74 Ala. 9.

There is no merit in the exceptions reserved to the rulings of the court on the evidence.

We find no error in the record, and judgment must be affirmed.