(82 South. 564)

HENDRIX v. STATE.    (7 Div. 565.)

(Court of Appeals of Alabama. June 3, 1919.)

1. FALSE PRETENSES ⬤⟿38—INDICTMENT—VARIANCE.

An indictment charging that accused by certain false pretenses obtained $500 is not sustained by proof that he secured a check for $500.

2. FALSE PRETENSES ⬤⟿12—ELEMENTS—TITLE.

In prosecution for obtaining property by false pretenses, the injured party must have had general or special title in the property secured by accused.

3. FALSE PRETENSES ⬤⟿22—REPAYMENT—EFFECT.

The offense of obtaining property by false pretenses is complete when the property is obtained, and a subsequent restoration or repayment is no defense.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

J. T. Hendrix was indicted for obtaining money by false pretenses, and appeals. Reversed and remanded.

S. W. Tate and Knox, Acker, Dixon & Sterne, all of Anniston, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The indictment charges that the defendant, by means of certain false pretenses to Ross Blackmon, in the indictment specifically set out, "obtained from the said Ross Blackmon $500," and in support of this charge the court, over a timely and appropriate objection by the defendant, allowed the state to prove that the defendant obtained from said Blackmon a check on the First National Bank of Anniston, which the evidence shows was presented to the bank, and that the bank either paid the defendant the amount called for by the check, or accepted the check as a payment on an indebtedness due it, or applied a part of such check on such indebtedness, and paid the defendant the balance. This evidence in no way tended to sustain the averments of the indictment, and the defendant's objection should have been sustained. Carr v. State, 104 Ala. 43, 56, 16 South. 155; Lancaster v. State, 9 Tex. App. 393; Gober v. State, 140 Ala. 153, 37 South. 78; O'Connor v. State, 30 Ala. 9; Dennison v. State, 15 Ala. App.

---

84, 72 South. 589; Walker v. State, 96 Ala. 53, 11 South. 401.

[2] The observations of the court in Carr's Case, supra, are appropriate here:

"Each count of the complaint [indictment] charged the defendant with having received, in one form or another, money from Mrs. Rice. On one aspect of the evidence, he received only a check from her directly or indirectly. Obviously a check is not money, and obviously also unless he did receive money of hers, the jury should have acquitted him." 104 Ala. 56, 16 South. 160.

If it be conceded that the check was presented to the bank and the defendant received money from the bank, this does not sustain the charge that he obtained money from Ross Blackmon. When money is deposited in a bank on a general deposit, and this will be assumed in the absence of evidence showing a special deposit, "the bank becomes the debtor of the depositor, and the obligation is satisfied by honoring the depositor's checks to the amount of his deposit. The depositor's claim is a mere chose in action for so much money." Alston v. State, 92 Ala. 124, 9 South. 732, 13 L. R. A. 659. One element of the offense here charged is that the injured party had title, general or special, in the property obtained by the defendant as a result of the fraud. Bazzell v. State, 81 South. 183;[1] 3 Greenl. Ev. p. 157; Commonwealth v. Barry, 124 Mass. 325; Miller v. Commonwealth, 78 Ky. 15, 39 Am. Rep. 194; 2 Russ. on Crimes, 29; 19 Cyc. 408; Barton v. People, 25 Am. St. Rep. 391 (Freeman's Notes); 11 R. C. L. 860, § 44.

[3] In view of the state's evidence, from the foregoing observations it is manifest that the prosecution cannot be maintained under the present indictment. However, we deem it proper to say that the offense is complete when the money or property is obtained by false pretenses, and cannot be purged by subsequent restoration or repayment, and whether or not such restoration or repayment has been made is wholly immaterial. Carlisle v. State, 77 Ala. 71; Commonwealth v. Ferguson, 135 Ky. 32, 121 S. W. 967, 24 L. R. A. (N. S.) 1101, 21 Ann. Cas. 434.

Reversed and remanded.