(105 So. 429)

**PRUITT v. STATE.**    (8 Div. 300.)

(Court of Appeals of Alabama.   Aug. 11, 1925.)

**1. Embezzlement ☞44(1)—Conviction of embezzlement of corn not sustained by evidence.**

Evidence that defendant was given full authority to sell corn, and corn was in fact sold thereunder, *held* not to sustain charge of its embezzlement.

**2. Embezzlement ☞35 — Proof of embezzlement of check held not proof of embezzlement of money.**

Evidence that defendant received a check, and not money, as alleged, *held* not to sustain charge of embezzlement of money.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Joe Pruitt was convicted of embezzlement, and he appeals. Reversed and remanded.

Chas. T. Grimmett, of Huntsville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised and treated, but without citing authorities.

BRICKEN, P. J. The indictment against this appellant contained six counts. The first two counts charged the embezzlement of *money*. The remaining counts charged the embezzlement of *corn*.

[1] As to the counts charging the embezzlement of corn, there was no dispute or conflict in any of the evidence, including that of the injured party, that the defendant was given full authority to sell the corn in question, and that the corn was in fact sold under this authority. These facts being established without dispute or conflict, it follows that a conviction under these counts could not be sustained.

[2] Nor can there be a conviction in this case under counts 1 and 2 of the indictment, which, as stated, charged the defendant with embezzlement of *money*. The evidence without conflict discloses that appellant received a check, and not money, as alleged; therefore the evidence as to counts 1 and 2 in no way tended to sustain the averments of these two counts. Hendrix v. State, 17 Ala. App. 116, 82 So. 564; Carr v. State, 104 Ala. 43, 16 So. 155. These cases are exactly in point, and are decisive of this question; therefore no necessity appears to discuss other questions presented.

The court erred in overruling defendant's motion for a new trial.

Reversed and remanded.