141 So. 725

## BROWN v. STATE.
### 1 Div. 52.

Court of Appeals of Alabama.
May 10, 1932.

Jesse F. Hogan, of Mobile, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

The appellant, defendant in the court below, was indicted, tried, and convicted for embezzlement.

The indictment charged that he, being an officer, agent, or clerk of the Baldwin County Building & Loan Association, an incorporated company, embezzled, or fraudulently converted to his own use or to the use of another, money, to wit, the sum of $1,000, which money had come into his possession by virtue of his office or employment as such agent or clerk of said incorporated company, etc.

Demurrers were interposed to the indictment, and numerous other insistences of error are presented, but from the view we take of this case a discussion of these questions may be pretermitted as not necessary to a decision.

On the question of grounds 1 and 2 of the demurrer, however, we merely refer to the decision in the case of James Knight v. State, 147 Ala. 104, 109, 41 So. 911.

As noted in the indictment, supra, the allegation as to the property alleged to have been embezzled, is, "money, to wit: the sum of one thousand dollars."

It is the principal insistence of appellant that "there was no proof to sustain this allegation of the indictment, and that the undisputed evidence showed that, if the accused embezzled anything, he embezzled a check for $1,000.00."

The transaction upon which this prosecution was based grew out of the sale, by this appellant, of a certificate of stock in the Baldwin County Building & Loan Association, to one L. A. Brock, for which Brock gave appellant a check, and on this point the evidence is without dispute or conflict, and it is not contended by the state that the payment by Brock to appellant was made in money. He sold him the stock and received a check only, and not money, as the indictment alleges.

This conviction, therefore, cannot stand; the state having failed to offer proof of the material allegation that the property alleged to have been embezzled by the accused was "money." Carr v. State, 104 Ala. 43, 16 So. 155, 160; Hendrix v. State, 17 Ala. App. 116, 82 So. 564; Pollock v. State, 19 Ala. App. 156, 97 So. 237, certiorari denied 210 Ala. 69, 97 So. 240; Pruitt v. State, 21 Ala. App. 113, 105 So. 429; Mitchell v. State, 23 Ala. App. 194, 122 So. 601.

In Carr v. State, supra, the court held an indictment which charges the defendant with embezzlement of money or bank notes to the amount of $1,609.90 is not supported by testimony that the depositor gave the defendant a check. The opinion goes further, and says: "Each count * * * charges the defendant with having received, in one form or another, money from Mrs. Rice." On one aspect of the evidence, he received only a check from her directly or indirectly. Obviously a check is not money, and obviously also, unless he did receive money of hers, the jury should have acquitted him. In this connection the court held that charge 20 should have been given. The charge is as follows: "Gentlemen of the jury, a check is not money, and if you believe from the evidence that the defendant received from Mrs. Rice no money, then you must find him not guilty."

In Hendrix v. State, supra, this court said: "An indictment charging that accused by certain false pretenses obtained $500 is not sustained by proof that he secured a check for $500."

In Pruitt v. State, 21 Ala. App. 113, 105 So. 429, this court said: "Nor can there be a conviction in this case under counts 1 and 2 of the indictment, which, as stated, charged the defendant with embezzlement of money." The evidence, without conflict, discloses that appellant received a check, and not money, as alleged; therefore the evidence as to counts 1 and 2 in no way tended to sustain the averments in these two counts.

The foregoing authorities are exactly in point with the case at bar, and, being decisive of this question, there appears no necessity to prolong the discussion, nor to deal with other questions presented.

The judgment of conviction from which this appeal is taken is reversed for the several errors committed by the court in its rulings upon this question. The matter is presented in several different manners. The cause is remanded.

Reversed and remanded.