Johnson *v*. The State.

---

No. 9683.

JOHNSON *v*. THE STATE.

| | |
|---|---|
| 75 | 553 |
| 149 | 343 |
| 75 | 553 |
| 154 | 311 |
| 75 | 553 |
| f169 | 559 |

CRIMINAL LAW.—*False Pretences.*—*Indictment.*—An indictment, charging the obtaining of property under false pretences, must specify the pretences, the goods obtained, and from whom, negative the pretences, aver that the defendant knew them to be false, and show the connection between them and the fraud accomplished by their means.

SAME.—*Claim Against County.*—*Allowance by Board of Commissioners.*—*Warrant and Order to Auditor.*—*Payment by Treasurer.*—Counts of an indictment, charging false pretences in obtaining payment of a claim against a county, which fail to accurately describe the pretences, the order or warrant issued to the defendant, to whom it was payable, for what amount it was drawn, and the connection between the false pretences relied on by the board of commissioners in allowing the claim, and the act of the treasurer in paying the amount allowed, are insufficient on motion to quash.

SAME.—*Warrant and Order of Board to Auditor of County for Payment of Money.*—A warrant and order of the board of commissioners, upon the auditor of the county, for the payment of money, is an instrument unknown to our law.

From the Allen Criminal Circuit Court.

*S. M. Hench*, for appellant.

*D. P. Baldwin*, Attorney General, *W. S. O'Rourke*, Prosecuting Attorney, *A. Zollars* and *W. W. Thornton*, for the State.

NIBLACK, J.—Abraham J. Johnson, the appellant, was indicted for obtaining property and money under false pretences. The indictment contained two counts. The appellant severally moved to quash both counts of the indictment, but his motion was overruled as to both counts. A jury found him guilty as charged, fixing his punishment at a fine and imprisonment in the State's prison for two years, and, over a motion in arrest, judgment was rendered accordingly.

The evidence is not in the record, and the only questions presented upon this appeal are upon the alleged insufficiency of both counts of the indictment.

The first count charged that the appellant, on the 17th day of March, 1881, at the county of Allen, in this State, unlawfully, feloniously and designedly, and with intent to defraud the said county of Allen, did feloniously and falsely pretend to the board of commissioners of the said county of Allen, that he, the appellant, had, before that time, suffered and sustained damages to a certain buggy, in the sum of five dollars, by said buggy falling through a bridge on a public highway in Jefferson township, in that county, by means of which false pretences, he, the appellant, did then and there feloniously obtain from said county, by its said board of commissioners, a certain warrant and order upon the auditor of said county for the payment of money, of the value of five dollars, with intent then and there to cheat and defraud the said county of Allen; whereas, in truth and in fact, the appellant had not suffered and sustained damages to said buggy, or any other buggy,

by the same falling through a bridge in said township of Jefferson, or any other bridge in said county of Allen.

The second count was substantially similar to the first, except that it charged that the appellant had paid five dollars for repairing the alleged injury to the buggy, for which he filed with the board of commissioners an account, verified by his affidavit, against said county of Allen, and by means of which he feloniously obtained from said board of commissioners an allowance of five dollars, that amount being paid to the appellant by the treasurer of Allen county, by order of said board of commissioners.

Bishop, in his work on statutory crimes, while discussing what is necessary to make out the crime of "false pretences," at section 452, says: "It is not sufficient merely to charge the offender with having employed 'false pretences,' in the naked words of the statute, the pleader must go further and specify the pretences; so also he must specify the goods obtained, and from whom. The indictment must negative the pretences, aver that the defendant knew them to be false, show the connection between them and the accomplished fraud, and in all other respects conform to the rules of sound pleading." What is thus said is well sustained by the authorities, and has a practical application to the indictment before us. *The State* v. *Smith*, 8 Blackf. 489; 2 Bishop Criminal Law, sec. 460, *et seq.*; Moore Criminal Law, sec. 733; Wharton Criminal Law, sec. 2,070, *et seq.*

The first count of the indictment did not sufficiently describe the warrant alleged to have been obtained from the board of commissioners by the appellant. The amount of the warrant is not given, nor is it stated to whom it was made payable. Besides, the averment, that the warrant was an order by the commissioners on the auditor for the payment of money, was evidently an imperfect, if not a palpably mistaken, description of the paper intended to be described. We know of no authority which the county com-

missioners possessed, in any event, to draw such a warrant upon the auditor of their county.

Conceding, without deciding, that money obtained from a county, through the medium of an allowance by its commissioners, falsely and fraudulently procured, may amount, in a flagrant case, to obtaining money under false pretences, we think it was not properly made to appear, by the second count, that the five dollars paid by the treasurer of Allen county to the appellant, was obtained by him as the result, and by means of, the allowance which he procured upon his account filed against the county.

The indictment in a case like this must charge either in direct terms, or by averments from which the inference is inevitably drawn, that the defendant knew the representations by which the injured party was deceived were false at the time they were made. Under the rules of good pleading, it is safer to aver directly in every case that the defendant knew the representations to be false.

Whether the indictment in this case made it sufficiently apparent that the appellant knew the representations charged to have been made by him were false, is a question we have neither fully nor carefully considered. See The State v. Snyder, 66 Ind. 203; also Wharton Precedents of Indictments, etc., forms 528 and 529, and notes. Nor have we considered the question as to whether the representations alleged to have been made by the appellant were such as might reasonably have induced the commissioners to allow and pay his claim. Our conclusion is that the motion to quash ought to have been sustained as to both counts of the indictment.

The judgment is reversed, and the cause remanded for further proceedings.

The clerk will give the proper notice for a return of the prisoner.