Jacobs v. State.

J. R. JACOBS v. STATE OF NEBRASKA.

[FILED DECEMBER 23, 1890.]

Criminal Pleading: AN INFORMATION alleging that W. T. was deceived of property by the false pretenses and representations of J. R. R. made to W. G. T., without alleging his agency for the principal, is not a sufficient allegation, nor is it Q. E. D. that J. R. J. intended to defraud W. T.

ERROR to the district court for Dundy county.    Tried below before COCHRAN, J.

A. A. McCoy, and J. N. Lucas, for plaintiff in error.

William Leese, Attorney General, contra.

PER CURIAM.

On September 18, 1888, in the district court of Dundy county, the plaintiff in error was tried by jury and con-

3

victed on a plea of not guilty to an information by the proper officer charging him with obtaining money, $50, by false representations to William G. Thomas, the money being the property of William Thomas.

It was substantially charged that the plaintiff in error on October 15, 1887, intending unlawfully and fraudu- lently to cheat and defraud William Thomas, did falsely, knowingly, designedly, and unlawfully pretend to Will. G. Thomas that he was the owner of a certain pair of mares; that, by means of the false representations, he ob- tained from Will. G. Thomas $50 and the personal prop- erty of William Thomas.

It is set up by the plaintiff in error that the court erred in proceeding to trial against his protest and exception; and that the information does not charge the offense of obtain- ing money by *false pretense,* but by false representation, which are not the words of the statute, and that the lan- guage of the statute must be followed strictly.

These and the other errors assigned and argued on be- half of the plaintiff in error are overruled, as no reversible error appears as to the proceedings at the trial; and it is not questionable that *false pretense* is substantially charged in the information.

It was, however, competent to allege that the false rep- resentations of ownership of the property, for which a chat- tel mortgage was given as security for the loan of $50, were made to an agent, who had authority to make the loan; it would be a sufficient allegation, notwithstanding the prin- cipal did not interfere, nor act upon the representations, otherwise than through his agent. In this case the infor- mation fails to allege that the false representations and false pretenses were made to William G. Thomas, as the agent of William Thomas, whose property alone was obtained.

In the opinion and brief of the attorney general, who appeared and argued the case to the court for the state, this defect was fatal to a legal conviction in the court be-

low—maintaining that to allege that William Thomas was fraudulently deceived of property by false representations made by J. R. Jacobs to Will. G. Thomas is not a sufficient allegation, nor is it Q. E. D. that Jacobs intended to defraud William Thomas. With this opinion and argument of the attorney general the court is content.

The conviction in the court below is reversed, and the information against the plaintiff in error is

DISMISSED.

THE other judges concur.