## THE PEOPLE v. CHARLES BEHEE.

*Criminal law—False pretenses—Sufficiency of information.*

1. Respondent was convicted of the offense of obtaining five dollars in money, belonging to a certain corporation, by means of false pretenses made to a third person. And the information is held defective in failing to aver:

    *a*—That the third person was the agent of the corporation, or so related to it as to warrant the inference that he had authority to pay out the money, which authority is not directly alleged.

    *b*—That the pretenses were false in fact, to the knowledge of the respondent.

2. An information for false pretenses alleged that the respondent represented that he was collecting money for a poor woman, naming her, whose son, who was her only means of support, had been killed on a specified day on a certain railroad. And it is held that the falsity of the representations is not sufficiently alleged by an averment that the respondent was not authorized to collect the money, and that there was no accident on the railroad named on the day stated.

Exceptions before judgment from the recorder's court of Detroit. (Chambers, J.) Submitted on briefs February 9, 1892. Decided February 19, 1892.

Respondent was convicted of obtaining property by false pretenses. Information quashed, and respondent discharged. The facts are stated in the opinion.

*Willcox v. Whelan,* for respondent.

*A. A. Ellis,* Attorney General, for the people, contended:

1. An objection not made to an information for mere formal defects, until after the jury is sworn, comes too late; citing *Lambert v. People,* 29 Mich 71; *People v. Dowd,* 44 Id. 488; *People v. Schultz,* 85 Id. 114.

2. The omitted allegation, that Mr. Barbour was an officer of the Detroit Stove Works, and authorized to give the money to the respondent, is only descriptive at the most, and an information for a statutory offense is not to be held bad, after verdict, for the omission of descriptive averments, if it describes the offense in the words of the statute; citing How. Stat. § 9539; *Durand v. People,* 47 Mich. 332.

*Samuel W. Burroughs,* Prosecuting Attorney, for the people, contended:

1. Objections to an information for formal defects apparent on its face must be taken advantage of by demurrer, or motion to quash before the jury are sworn; citing How. Stat. § 9535; *People v. Schultz,* 85 Mich. 114.

2. In support of the claim that How. Stat. § 9161, includes corporations under the title " person," see *Norris v. State,* 25 Ohio St. 217.

3. To constitute the offense described in the statute, four things must occur :

   *a*—There must be an intent to defraud, which intent is to be gathered from all of the circumstances, as disclosed by the testimony in the case. Every man is presumed to intend the natural consequences of his acts; and, when an act is committed which naturally and usually leads to certain consequences, a jury have the right to infer that such results were intended.

   *b*—An actual fraud must be committed.

   *c*—False pretenses or tokens must be used for the purpose of perpetrating the fraud.

   *d*—The pretenses used must be the cause which induced the owner to part with his property.

   The last three propositions are established by the testimony in the record.

LONG, J. The respondent was convicted in the recorder's court of the city of Detroit, September 8, 1891, of the offense of obtaining property by false pretenses.

After the jury had been impaneled, and a witness sworn for the people, respondent's counsel objected to any testimony being given, because there was no offense charged in the information. The information charges—

"That Charles Behee, late of said city of Detroit, heretofore, to wit, on the 9th day of July, A. D. 1891, at the said city of Detroit, in the county aforesaid, with intent to cheat and defraud Edwin S. Barbour, and fraudulently to obtain five dollars in money, and of the value of five dollars, did designedly and falsely represent and pretend to Edwin S. Barbour that he, the said Charles Behee, was collecting money for Mrs. Algoe, a poor woman whose son, Frank Algoe, was killed on the Transit Railway, in the city of Detroit, June 6, 1891, and was her only support; and believing the said false pretenses and representations, made as aforesaid by the said Charles Behee, he, the said Edwin S. Barbour, was then and there deceived thereby, and was then and there induced, by means of the said false pretenses and representations made as aforesaid, to deliver, and did then and there deliver, five dollars in money, of the value of five dollars, of the property of the Detroit Stove Works, a corporation organized and existing under the laws of the State of Michigan, to him, the said Charles Behee, and the said Charles Behee did then and there designedly, by means of false pretenses and representations made as aforesaid, unlawfully and fraudulently obtain from the said Edwin S. Barbour five dollars in money, and of the value of five dollars, of the goods and property of the said Detroit Stove Works, with intent then and there to cheat and defraud the said Detroit Stove Works of the same; whereas, in truth and in fact, the said Charles Behee was not authorized to collect any money for the said Mrs. Algoe, and that there was no accident on the said Transit Railway Company, in the city of Detroit, on the 6th day of June, 1891; to the great damage and deception of the Detroit Stove Works, and to the evil example of all others in like cases offending, contrary to the form of the statute," etc.

The objections are:

1. That the information fails to allege that Mr. Barbour had any connection with the Detroit Stove Works,

as agent or otherwise, or that he was authorized by the company to give money in charity or for any other purpose.

2. That the information fails to allege a *scienter*.

3. That the information fails to allege that the pretenses were false in fact.

The information is filed under How. Stat. § 9161, which provides that—

" Every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing, or by any other false pretense,     *     *     *     obtain from any person any money,     *     *     *     shall be punished," etc.

Upon the first point it is not contended but that the information would be sufficient, though the false pretenses were alleged to have been made to an agent, if he had authority to give or sell or dispose of the property obtained by such false pretenses, though the principal did not act thereon otherwise than through the agent. In *People v. Wakely*, 62 Mich. 297, this exact point was passed upon, and it was there said:

" It is competent to allege in the information that the false representations were made to an agent, and, if he has authority to sell the article obtained by such false pretense, it will be sufficient, although the principal did not act upon the representations made otherwise than through the agent."

In the present case, however, it is not alleged that Mr. Barbour, who was induced by the false representations to part with the money, was the agent of the Detroit Stove Works, or that he had any control over the moneys of that company, or the right to give the same to any person, for any purposes whatever. The information does not state what relation Mr. Barbour bore to the Detroit Stove Works, or how he became possessed of the money

of the Detroit Stove Works. The obtaining of the money from Mr. Barbour, though obtained from him by false and fraudulent representations, and with intent to cheat and defraud him, or with the intent to cheat and defraud the Detroit Stove Works, whose money it is alleged to be, without any allegation that Mr. Barbour was the agent of the Detroit Stove Works, or that he had some relation to that company from which authority might be inferred to pay out its money, or without some allegation that he was authorized to pay out its money, is not sufficient to warrant a conviction for obtaining the money by false pretenses belonging to the Detroit Stove Works.

This question was directly passed upon in the case of *Jacobs v. State*, 31 Neb. 33 (47 N. W. Rep. 422), where it was held that an information alleging that William Thomas was deceived of his property by false representations made by Jacobs to one William G. Thomas was insufficient, the information failing to allege that William G. Thomas was the agent of William Thomas. The same rule is laid down in *People v. Krummer*, 4 Parker, Crim. R. 217. It is well settled that the information must charge the crime with certainty, and all the material facts and circumstances necessary to constitute the offense, whether by rule of the common law or by statute, must be set forth. *People v. Olmstead*, 30 Mich. 439; *Enders v. People*, 20 Id. 233.

We think the information defective in not alleging that the respondent knew that the representations so made by him were false.

We are also of the opinion that the information was fatally defective in failing to allege that the pretenses were false in fact. The pretenses set forth are that the respondent was collecting money for Mrs. Algoe, a poor woman whose son, Frank, was killed on the Transit Rail-

way, in the city of Detroit, June 6, 1891, and was her only support. It is negatived only by the allegation that he was not authorized to collect any money for the said Mrs Algoe, and that there was no accident on the Transit Railway, in the city of Detroit, on the 6th day of June, 1891. This is not a sufficient allegation that the pretenses made, by which the money was obtained, were false in fact. The respondent, under the pretenses claimed to have been made, might have been lawfully attempting to raise money for Mrs. Algoe, a poor woman whose son had been killed on the Transit Railway, though he had not been authorized to do so. It not infrequently happens that persons charitably disposed, when misfortune befalls another, take upon themselves the office of raising moneys to relieve the necessities of the sufferer. This is regarded as a most worthy motive, and no one would pretend that representations so made are punishable, within the meaning of this statute, though the person obtaining such moneys was not authorized thereto.

The further allegation that there was no accident on the Transit Railway on the 6th day of June might be true, and yet not be a positive negation that Mrs. Algoe's son was killed on the Transit Railway on that day. How he was killed, or by what means, is not claimed to have been stated by the respondent; whether by accident, was not stated by him; and, in fact, no accident might have happened on the Transit Railway that day, and yet Mrs. Algoe's son might have been killed on the Transit Railway that day.

I think the case falls directly within our rulings upon this point in *People v. Reynolds*, 71 Mich. 343, and the cases there cited, where the doctrine was laid down that it is necessary to aver, not only that the respondent well

knew the representations to be false, but that the representations were false in fact.

It must be held that the information was fatally defective, for these reasons. It follows that the information must be quashed, and the respondent discharged.

The other Justices concurred.