Owens, Plaintiff in error, vs. The State, Defendant in error.

*November 1 — November 15, 1892.*

*Criminal law: Obtaining money by false pretenses: Pleading.*

An information charging that defendant by false pretenses obtained from one N. money, then in the possession of N., belonging to a bank, but not stating that N. was the agent of the bank or had any connection therewith, is *held* insufficient under sec. 4423, R. S.

ERROR to the Circuit Court for *Chippewa* County.

The facts are stated in the opinion.

*Charles N. Gregory,* for the plaintiff in error.   [No brief on file.]

For the defendant in error the cause was submitted on the brief of the *Attorney General* and *J. M. Clancey,* Assistant Attorney General.

Orton, J.   The plaintiff in error was tried, convicted, and sentenced under an information that charges that the said *Henry L. Owens* "did unlawfully," etc., "falsely pretend to L. M. Newman that he, the said *Henry L. Owens,* was then the owner of an interest in a large cattle ranch in Wyoming, and of about two thousand (2,000) head of cattle; and that he, the said *Henry L. Owens,* was then engaged in raising horses for sale, and was the owner of a car load of horses which he had for sale in Eau Claire, Wis.; and

that he, the said *Henry L. Owens*, was then worth between forty thousand and fifty thousand dollars in money and property; and that he, the said *Henry L. Owens*, had then a large amount of money on deposit to meet his checks in the First National Bank of Creighton, Neb.; and the said *Henry L. Owens* did then and there offer and deliver to said L. M. Newman his, the said *Henry L. Owens'*, check for four hundred (400) dollars on the said First National Bank of Creighton, Neb., in writing, signed by him, the said *Henry L. Owens;* that the said L. M. Newman believed all of said pretenses to be true; and by means of said pretenses, and each and all of the same, the said L. M. Newman was induced to part with, and the said *Henry L. Owens* did then and there feloniously, knowingly, and designedly obtain from said L. M. Newman, four hundred (400) dollars, lawful money of the United States, of the value of four hundred dollars, the money and property of the First National Bank of Chippewa Falls, a national bank duly organized and existing in said Chippewa Falls, said money so obtained being then and there in the possession of the said L. M. Newman; and that said pretenses were so made, and said money was so obtained, by the said *Henry L. Owens*, with intent to then and there defraud." On the verdict of guilty, the counsel of the plaintiff in error made a motion in arrest of judgment, and also a motion for a new trial, and said motions were denied, and exceptions were duly taken.

The contention of the learned counsel of the plaintiff in error is that the information is insufficient to charge the defendant with the crime described in the statute, in this and because it fails to state any connection between L. M. Newman, to whom the false pretenses were made, and the bank, the owner of the money obtained by such false pretenses. The only connection L. M. Newman had with the money or the bank is that he had the naked possession of

the money belonging to the bank. The crime is defined in sec. 4423, R. S., and consists *in obtaining the money or property of another by false pretenses.* It must be obtained from the owner by the false pretenses. The information does not show that the bank ever heard of the false pretenses, or was induced by them to part with the money. The money was obtained from L. M. Newman, and it was not his property, and he had no right to dispose of it in any way, so far as disclosed by the information. Newman was not connected with the bank, and the bank was not connected with the false pretenses, which constitutes a double defect in the information.

The crime is statutory, and all the requisites of the statute to constitute it must be stated in the information. *People v. Higbie,* 66 Barb. 131. In *People v. Behee,* 90 Mich., 356, the crime is charged as follows: Charles Behee " did designedly and falsely represent and pretend to Edwin S. Barbour that he," etc.; " and believing the said false pretenses," etc., " he, the said Barbour, was then and there deceived thereby, and was induced by means of said false pretenses," etc., " to deliver, and did deliver, five dollars in money [to said Behee], of the property of the Detroit Stove Works," etc. The court said: "It is not alleged that Barbour, who was induced by the false representations to part with the money, was the agent of the Detroit Stove Works, or that he had any control over the moneys of that company, or the right to give the same to any person for any purposes whatever." This case is in point. The judgment was reversed on this defect of the information. In *Jacobs v. State,* 31 Neb. 33, the information charged Jacobs with obtaining $50 from William G. Thomas, the personal property of William Thomas. The judgment was reversed on the same defect of not showing that William G. was the agent of, or had any connection with, William Thomas. In *People v. Krummer,* 4 Parker, Cr. Rep. 217,

the money was obtained from Samuel Williams, Jr., the son, and was the property of Samuel Williams, the father. Judgment was reversed for the same defect. The same defect appeared in the information in *People v. Wakely*, 62 Mich. 297, and was held fatal. See, also, Bish. Stat. Crimes, § 134. The learned attorney general cites *Comm. v. Drew*, 19 Pick. 179, in which the fourth essential of the crime is stated, that the false pretenses " must be the cause which induced the *owner to part with his property.*" In this case the bank is the owner, and the false pretenses were made to Newman, and the money obtained by them from him, and not from the bank. Had it been shown that Newman was the cashier or agent of the bank, then the false pretenses made to him would have been made to the bank, and the money obtained from the bank, its owner, through its authorized agent. It is said by the learned attorney general that Newman held the money as *bailee.* It may be so in fact, but the information does not so state.

In view of the plain requisites of the statutory offense, and by the above clearly apposite authorities, we are compelled to hold the information fatally defective.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to arrest the judgment; and the warden of the state prison at Waupun is hereby ordered to deliver the defendant into the custody of the sheriff of the county of Chippewa, to be by him brought before the court to be discharged from further imprisonment.