## A. L. C. HURST v. THE STATE.

### No. 1394. Decided April 27, 1898.

**1.  Statement of Facts—Practice on Appeal.**

A statement of facts will not be considered on appeal which has not been approved by the trial judge.

**2.  Swindling by Obtaining the Execution of a Written Instrument.**

Where the instrument declared on read, "$3.00. Hamilton, Texas, July 1st, 1896. I promise to pay to A. L. C. Hurst, quarterly in advance, for one year, and in the event default is made in the payment of any amount, the whole to become due. [Signed]  J. E. W.;" and alleged to be of the value of $15, and alleged to be "an instrument of writing conveying and securing a" valuable right. Held, not to be such an instrument within the purview of the statute against swindling.

**3.  Same—Information.**

An information for swindling by procuring, through false representations, the execution of a written instrument which alleged that the defendant represented to the prosecutor that a certain collecting agency would pay 25 cents on the dollar upon all claims turned over to it for collection which it failed to collect, is wholly insufficient where it fails to allege that defendant was in any manner, or how, if any, connected with said agency, and that the prosecutor had ever delivered to him any claims for collection.

**4.  Same.**

In an information or indictment for swindling, the transaction constituting the fraudulent pretense must be fully averred.

**5.  Same—False Promise as to Something in Future.**

A false promise as to something to be done in the future will not support a charge for swindling. The allegations must be as to a present existing fact.

APPEAL from the County Court of Hamilton.   Tried below before Hon. J. C. MAIN, County Judge.

Appeal from a conviction for swindling; penalty, a fine of $100 and twenty-four hours imprisonment in the county jail.

No statement necessary.

*Scarborough & Scarborough,* for appellant.—I lay it down as a proposition of fundamental law, that the procuring of a contract of this character is no violation of the law.   14 Texas Crim. App., 332; 3 Texas Crim. App., 605; 41 Texas, 65; 10 Texas Crim. App., 279; 16 Texas Crim. App., 150; 20 Texas Crim. App., 578.

It is not a negotiable instrument; it is not commercial paper; it is a contract mutual between the parties, which can be abrogated by the parties at any time they see proper.   Therefore, even its entirety can not form the basis of a criminal prosecution for obtaining the signature to it. It does not come within the legal definition of swindling as defined by any law or decision of any court.   It is possible that should it be commercial paper, which is liable to be negotiated and passed into the hands of innocent holders, the procuring of the signature under such circumstances as would make it swindling, might be ground for the prosecution. But we have nothing of that character in this case.   Again, admit for the sake of argument everything stated in the affidavit and information, it

does not allege a violation of law. The only allegation whatever of fraud is in the fact that the agent stated to Williams that if he would take membership with the agency, that the agency would pay him 25 cents on the dollar for all claims placed with them for collection that they failed to collect. An allegation of something to be done in the future. Same authorities as above cited. So that this prosecution must fail and this judgment be reversed and cause dismissed, for the fundamental reason that no violation of law is charged.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at a fine of $100 and twenty-four hours imprisonment in the county jail; hence this appeal.

What purports to be a statement of facts was not approved by the judge. There is an affidavit in the record intending to set up some character of diligence on the part of the appellant to obtain the approval of the judge, but it fails to show any diligence exercised in endeavoring to obtain the approval of the judge. If appellant had shown diligence to obtain the approval of the judge to a statement of facts, and the judge had refused and failed to approve the same, then we might reverse the case for the want of such approval; but such is not the case presented to us. There being no approved statement of facts in the record, we can not consider what purports to be a statement of facts for any purpose whatever.

Appellant insists that the information does not charge an offense. The charging part of said information is as follows: "On or about the 1st day of July, 1896, in the said county of Hamilton, and State of Texas, one John Wyche and A. L. C. Hurst, late of said county and State, with force and arms did then and there by means of false pretenses and devices and fraudulent representations, then and there knowingly and fraudulently made by them to J. E. Williams, did induce the said J. E. Williams to deliver to them, the said A. L. C. Hurst and John Wyche, and the said A. L. C. Hurst and John Wyche did then and there by the means aforesaid obtain possession of and acquire of and from the said J. E. Williams, an instrument of writing conveying and securing a valuable right, the said instrument being of the tenor following: '$3.00. Hamilton, Texas, July 1st, 1896. I promise to pay to A. L. C. Hurst, quarterly in advance for one year, and in the event default is made in the payment of any amount the whole to become due. [Signed] J. E. Williams,'—which said instrument in writing was then and there of the value of $15 and the property of the said J. E. Williams; and the said A. L. C. Hurst and John Wyche did then and there obtain possession of and acquire the same as aforesaid, with the intent to appropriate the same to their own use, and with the intent of destroying and impairing the right of the said J. E. Williams, the party justly entitled to the same,

in this: the said A. L. C. Hurst and John Wyche did then and there falsely pretend and fraudulently represent that the Retail Merchants' Protective Association and Collecting Agency were paying ·25 cents on the dollar for all claims placed in their hands for collection that they failed to collect, and the said Retail Merchants' Protective Association and Collecting Agency would pay him, the said J. E. Williams, 25 cents on the dollar for all accounts he turned over to said agency which the said agency failed to collect, and did thereby fraudulently induce the said J. E. Williams to deliver said written instrument to them, the said A. L. C. Hurst and John Wyche, when in fact and in truth said Retail Mer- chants' Protective Association and Collecting Agency were not paying 25 cents on the dollar for all accounts placed in the hands of said agency for collection and that said agency failed to collect, and the said A. L. C. Hurst and John Wyche then and there knew that said pretenses and rep- resentations were false." It will be seen that the information terms the paper declared on "an instrument of writing, conveying and securing a valuable right." In our opinion, it is not such an instrument, within the purview of our statute. But it is a kind of promissory note, or a promise to pay money, and is personal property, and is such property the obten- tion of which may be the subject of swindling. See 1 McClain Crim. Law, sec. 694. The allegation here should have been that defendant procured "the said J. E. Williams to execute and deliver to them," etc., "and did then and there acquire and obtain possession of and from the said J. E. Williams, the following note or instrument in writing,—the same being personal property of the tenor following." It further occurs to us that the information should have shown some connection between the said Hurst and the Retail Merchants' Protective Association and Col- lecting Agency. We fail to see how the bare representation to Williams by Hurst and Wyche, one or both of them, that the Retail Merchants' Protective Association and Collecting Agency were paying 25 cents on the dollar for all claims placed in their hands for collection that they failed to collect, etc., would induce said Williams to execute and deliver his note to Hurst. Furthermore, we can not regard the allegation, to wit, "that the said Retail Merchants' Protective Association and Collecting Agency would pay him, the said J. E. Williams, 25 cents on the dollar for all accounts turned over to said agency which the said agency failed to collect," etc., as creating the basis of a charge of swindling, on two grounds: First, because it is a charge of something to be done in the future, and not an allegation of a present existing fact; and secondly, it is not shown that J. E. Williams delivered to them, in connection with said transaction, any accounts for collection by said agency. The trans- action constituting the fraudulent pretense should have been fully averred; that is, the connection between the false pretense and the obten- tion of the property must be made to appar. See 1 McClain Crim. Law, sec. 684; Johnson v. State, 75 Ind., 553; Owens v. State, 83 Wis., 496, 53 N. W. Rep., 736. While the matter is not dircetly before us, yet it does appear that the pleader declared on only a part of the instrument.

In our opinion, the whole of this instrument should have been set out. This would present the full contract between the parties, and it could then be seen more clearly whether or not a swindle was perpetrated in this case. Because the information is insufficient, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*