### P. S. DOXEY v. THE STATE.

No. 3115.     Decided January 11, 1905.

**1.—Swindling—Indictment—Knowingly—Whole Instrument.**

An indictment for swindling must allege that the false pretenses were knowingly made; and where a written instrument is the basis of the swindling, the whole of the written instrument must be set out in the indictment.

**2.—Same.**

An indictment for swindling must set out all that is pertinent to the issue which induced the party injured to part with his property, and if the document in question, when the whole is presented, fails to show that the representation was made with the intent to induce the prosecutor to part with his property, the prosecution can not be maintained; the false pretense must afford some reason why the party was induced to part with his property, that he relied thereon and that the same was knowingly false.

**3.—Same—Case Stated.**

Where the swindling pretense was based upon a letter, a part of which only was set out in the indictment which was alleged to have been made to procure a loan from a bank of three thousand dollars on certain cattle, whereas if the whole of the letter had been set out it would have shown upon its face that defendant desired an extension only of his existing indebtedness, and where other letters in evidence clearly showed that defendant was not seeking a loan at that

time. Held, without indorsing in full the doctrine that the whole of the written instrument should be set out, that in this case the letter should have been set out in full. Brooks, Judge, dissenting.

Appeal from the District Court of Clay. Tried below before the Hon. A. H. Carrigan.

Appeal from a conviction of swindling; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*L. C. Barrett,* for appellant.—An indictment for swindling should state that the pretenses alleged to be false were knowingly made or that the defendant knew that such representations, statements and pretenses were false. Mathena v. State, 15 Texas Crim. App., 473; State v. Levi, 41 Texas, 563; Miranda v. State, 44 Texas, 442; Hirsch v. State, 1 Texas Crim. App., 393.

When the representations are made in writing alleged to be false and relied upon by the State as the inducement for the prosecution to part with his property, the instrument containing the same should be set out in full or a sufficient reason given for not so doing. Ferguson v. State, 25 Texas Crim. App., 451; White v. State, 3 Texas Crim. App., 605; Baker v. State, 14 Texas Crim. App., 332; Dwyer v. State, 24 Texas Crim. App., 132; Hardin v. State, 25 Texas Crim. App., 74; Scott v. State, 27 Texas Crim. App., 264.

*Howard Martin,* Assistant Attorney-General, and *Davis & Garnett,* for the State.—In an indictment for theft, it is sufficient to allege that the taking was fraudulent. Sloan v. State, 18 Texas Crim. App., 225; Muldrew v. State, 12 Texas Crim. App., 617.

The definition of theft and the definition of swindling were penned by the same hand, and enacted by the same Legislature. Why should the word mean one thing in defining "theft," and another in defining the kindred offense of "swindling"? The indictment says, that the appellant falsely and fraudulently represented, and that his statement was false and fraudulent. A false representation may be honestly made, but a false and fraudulent representation can not be so made. If the proof should show that the representation, though false, was made in the belief that it was true, the defendant would be acquitted, as in the case of theft, because the evidence disproved one of the material allegations of the indictment.

Anderson's Law Dictionary, page 476, defines "fraudulently" thus: "With a deliberately planned purpose and intent to deceive, and thereby gain an unlawful advantage."

It was not necessary to set out in the indictment the entire letter, in which the fraudulent representations were contained. All that good pleading requires is to allege either in haec verba, or substantially the matter claimed to constitute the fraudulent representation. Gabrielsky

v. State, 13 Texas Crim. App., 426; Moore v. State, 20 Texas Crim. App., 233; Falk v. State, 38 Texas Crim. Rep., 77.

HENDERSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at confinement in the penitentiary for a term of seven years; hence this appeal.

The facts of the case tend to show that appellant for some years had been doing business with W. B. Worsham & Company, bankers at Henrietta, Clay County, Texas; of which W. B. Worsham was president; that about the 8th or 9th of July, 1902, appellant, then being and living in the territory of Oklahoma, wrote W. B. Worsham at Henrietta, and among other things, represented to him, as follows: "I want to be carried until can ship to meet paper, and if you cannot carry me any longer say so and give me a chance to do something. There is nothing against my cattle or against me & your money is all I owe anyone. So let me hear from you at once." That thereafter, on October 8th, 1902, appellant requested a loan of three thousand dollars; and that prosecutors, relying on the letter and representations therein contained, advanced appellant, by giving him a credit on their books at Henrietta, the sum of three thousand dollars. That thereafter appellant drew the same out by checks. While the transaction was pending appellant was not in Clay County, where the money was advanced. It was further shown by the State that at the time the letter of July 9th was written, appellant had encumbered all the cattle he owned, and had transferred all of his property subject to execution to his wife's father. This is a sufficient statement of the case to present the questions involved.

Appellant made a motion to quash the indictment, among other things, on the ground that the same did not contain the allegation that appellant knew the representation was false when he made it; and also because the indictment does not contain the writing in full, that is, the entire letter is not set out. The authorities in this State appear to require that it be alleged in the indictment that the false pretenses were knowingly made. Miranda v. State, 44 Texas, 442; Mathena v. State, 15 Texas Crim. App., 473. Mr. Bishop lays down the same proposition in a general way; stating that it must be proved that the party charged with the swindle knew the pretenses were false when he made them. See Bishop Crim. Proc., vol. 2, secs. 163, sub. 2; 182, 188, sub. 3. If it is true that this allegation must be proved, under our rules of pleading, it should be alleged. However, it is contended by the State that our statute, in defining the offense, does not use the word "knowingly" in connection with the representation. The statute merely requires that the property be acquired by means of some false or deceitful pretense or device, or fraudulent representation; and the contention is that "fraudulent" in this connection, which is used in the indictment, is tantamount to an allegation that the false pretense was knowingly made; that the word fraudulent imports this meaning. It will be noted that the statute does not require the pretenses to be fraudulent.

It may be a false representation, or a deceitful representation or pretense, or a fraudulent representation. As stated, the first count in the indictment, under which appellant was convicted, characterizes the representation as both false, and fraudulent. We are not inclined to agree that the word "fraudulent" implies knowledge in all instances: that the representation was knowingly false. At any rate, the authorities of this State are the other way, and we see no reason to change this requirement in pleading. We hold, in accordance with the authorities cited and others, that the indictment is defective in this respect.

The authorities in this State also appear to hold that where a written instrument is the basis of the swindling, the whole of the written instrument must be set out. Baker v. State, 14 Texas Crim. App., 332; Dwyer v. State, 24 Texas Crim. App., 132; Hardin v. State, 25 Texas Crim. App., 74. And for other authorities see White's Ann. Pen. Code, sec. 1642. There may be cases where it will only be necessary to set out enough of the writing; that is, all that was pertinent to the issue, and which shows the whole of the representation made, to induce the party to part with his property; and it would seem, if the document in question, when the whole of it is presented, fails to show that the representation was made with the intent to induce the prosecutor to part with his property, that the prosecution could not be maintained. That is, as we understand the rule, the false pretense must afford some reason why the party was induced to part with his property. The party so induced must have relied upon the representation, and have parted with his property on that account, and it must also be shown that the pretense so made was knowingly false. Blum v. State, 20 Texas Crim. App., 578; Hurst v. State, 39 Texas Crim. Rep., 196. Applying the rule above enunciated to this case, to our minds it is manifest that if the whole of said letter of July 9th had been stated in the indictment, it would have shown on its face that the purpose of appellant in making the representation was not to obtain a new loan, but to obtain an extension of his existing indebtedness of seven thousand dollors, evidenced by a note of his to prosecutors, which note the prosecutors were insisting was due and should be paid. We quote the letter in full:

"W. B. WORSHAM,                          SAYRE, O. T., July 9, 1902.
        Henrietta, Texas.
    *Dear Sir:* Am in receipt of slip from your bank in which it says, come through, and my understanding was with the right to renew at the 6 after date. Now you know cattle are not fat in that part of the country & I want to be carried until can ship to meet paper and if you cannot carry me any longer say so and give me a chance to do something. There is nothing against my cattle or against me & your money is all I owe anyone, so let me hear from you at once.     Very Respt,
                                            P. S. DOXEY."

If the purpose of this letter is doubtful, which we do not believe, other letters and evidence adduced in the case show very clearly that appellant was not at that time seeking any loan. Without endorsing in full the doctrine, which seems to have been the rule heretofore in this State, we believe in this case the letter should have been set out in full, which was the basis of the accusation against appellant of swindling. We do not believe the letter of itself, when fully shown, indicates that appellant's purpose in writing it was to obtain a further advancement or loan. Of course this might be made good, and that intent impressed upon the letter, by other averments, or acts or conduct of appellant in that connection. In this particular case no contemporaneous acts are set out. But some three months subsequent, to wit: on October 8th, 1902, appellant is shown to have written the following letter to W. B. Worsham & Company, to-wit:

"W. B. WORSHAM & CO.              DUMAS, TEXAS, Oct. 8, 1902.
    *Dear sir:* I am up to ship out some cattle & find they are not fat enough to ship, and have leased a fresh pasture that has not had anything on it this year & the grass is fine. I will have to have $3000.00, three thousand dollars to winter on & pay lease with if you can let me have it send me note and check book to this place, and when I get through gathering cattle will come down and fix you up all O. K. Very Respt.                              P. S. DOXEY."

It seems that on this letter the additional loan was extended. No reference is made, however, to the preceding letter. In this he simply proposed to borrow three thousand dollars more, and promised to come down and fix it up with them at some subsequent date. It does not occur to us that, reviewing these letters in the light of the other circumstances of the case, there was any such connection between the letter of July 9th, and the making of the loan in October, as would authorize this prosecution; notwithstanding prosecutor's statement that when they extended the loan in the fall they relied on the letter written the previous summer. Of course, our statute uses the words "false pretenses," in general terms; and it embraces every false and deceitful pretense made with the intention to swindle. But it is not every case of fraud and dishonesty by which one person gets advantage of another that can be characterized as a swindle under our statute. The prosecutors when they extended the loan may have recalled the fact that appellant had previously stated to them that there was nothing against him or his property, but they knew that that representation was made for another purpose, and not with the intent to procure an additional loan. It seems to us that ordinary business prudence would have required of them to know if the status of his property was the same as had been previously represented by him to them. If they intended then to rely upon his previous representation as an inducement to the new loan. It may be conceded that the pretense may be a continuing one, and that it would not be neces-

sary to renew a pretense formerly made in order to base a prosecution for fraudulently obtaining property by means thereof; yet, in our opinion, the false pretense must be sufficiently proximate to the obtention of the thing. in order to make him indictable, and must be made with the specific intent to acquire the particular thing. Here we do not believe it can be said that the pretense of July 9th was made with the intent to acquire the loan extended on the letter of the following October.

There are a number of other assignments in the case, but those treated dispose of the indictment; and we do not deem it necessary to discuss the others. For the errors pointed out, the judgment is reversed and the prosecution ordered dismissed.

<em>Reversed and dismissed.</em>

[Rehearing overruled without written opinion.—Reporter.]

BROOKS, Judge (dissenting).—The charging part of the indictment, under which appellant was convicted, is substantially, as follows: * * * "Did then and there unlawfully commit the offense of swindling by the use of false and deceitful pretenses and devices and false and fraudulent representations, as follows: The said P. S. Doxey, being the owner of a herd of cattle ranging and situated in Moore County, Texas, of upward of eight hundred head, and of the value of twelve thousand dollars, and being indebted to W. B. Worsham and Company, a partnership, composed of W. B. Worsham, W. H. Featherston, J. D. Stine, J. H. Farriss and F. B. Wyatt, doing a banking business in the town of Henrietta, in said Clay County, of which partnership W. B. Worsham was President, to an amount exceeding eight thousand dollars, some of which was then past due, and the remainder of which would soon thereafter mature, and the said Doxey then and there desiring to obtain an extension and renewal of said indebtedness, and to procure other money from the said W. B. Worsham & Company, under the pretense of borrowing, did then and there, falsely and fraudulently in writing represent to the said W. B. Worsham that there was nothing against said cattle, or against him, the said Doxey, and that his said indebtedness to the said W. B. Worsham & Company was the only money that he owed, said written representation being in the following language: "I want to be carried until can ship to meet paper, and if you cannot carry me any longer say so and give me a chance to do something, there is nothing against my cattle or me, and your money is all I owe any one, so let me hear from you at once." Said Doxey thereby intending to say and in fact saying that he was indebted to no one except to said W. B. Worsham & Company, which representation and statement, the grand jurors aforesaid, upon their oaths do charge and say was false and fraudulent and untrue, the said Doxey being then and there indebted to one M. H. Kellum in an amount exceeding nine thousand dollars and to his own wife in an amount exceeding two

thousand dollars; and the said Doxey being then and there insolvent, and which false and fraudulent representations were so made by the said Doxey with the intent to obtain from the said W. B. Worsham & Company, under the pretense of borrowing three thousand dollars, money of the said W. B. Worsham & Company, or some other large sum, with the intent .to appropriate the same to the use and benefit of him, the said P. S. Doxey, and to deprive the said W. B. Worsham & Company of the value thereof, and for the purpose of obtaining an extension and renewal of his, the said Doxey's existing indebtedness to the said W. B. Worsham & Company, and thereby impairing said indebtedness.

"And that while said representation was made to the said W. B. Worsham it was made to him as president of said W. B. Worsham & Company, and with the intent and design that it should be relied on by the said W. B. Worsham & Company; and the said W. B. Worsham & Company relying upon said representations and believing them to be true, did then and there grant to the said P. S. Doxey an extension and renewal of his said indebtedness, and there after advance and loan to him, without security, and the said P. S. Doxey did acquire possession of and from the said W. B. Worsham & Company, the sum of three thousand dollars, and other large sums of money, lawful money of the United States, the property of the said W. B. Worsham & Company, which money the said Doxey then and there received and acquired possession of and converted to his own use and benefit; and has never in any manner paid or satisfied his indebtedness to the said W. B. Worsham & Company, but pursuant to the fraudulent intent existing in his mind at the time he made said fraudulent representations and obtained said loan and extension, he, the said Doxey, has turned over and delivered his entire property to his wife and the said M. H. Kellum in satisfaction of said debts, the existence of which he denied in said statement. Wherefore the grand jurors aforesaid do say that in the manner and by the means aforesaid, the said P. S. Doxey in the county of Clay, committed the offense of swindling."

It will be seen by comparing this indictment with the statute that it follows every salient feature of the statute. Clearly where a thing is fraudulently done, it must necessarily be knowingly done. As to whether the party relied upon the false statement, discussed in the opinion, is a question of fact and not of law. We are not warranted in passing upon the sufficiency of the evidence when merely passing upon the sufficiency of the indictment. For these reasons I do not agree with the opinion of the majority of the court, but believe the indictment is good.