(81 South. 183)

BAZZELL v. STATE.    (3 Div. 348.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

1. FALSE PRETENSES ⟺28—INDICTMENT.

While it is sufficient in an indictment for the statutory offense of obtaining goods by false pretenses to allege generally an intent to injure or defraud, without naming the person intended to be defrauded, under Code 1907, § 7146, the indictment must show some reasonable connection between the accomplished fraud and the false pretense.

2. FALSE PRETENSES ⟺28—INDICTMENT.

Where indictment alleges that the false pretense was made to one person and that the goods were obtained from another, it is subject to demurrer, unless it shows some relation between the person to whom the pretense was made and the other, with reference to the title or possession of the goods.

3. PROPERTY ⟺9—OWNERSHIP—EVIDENCE.

Possession of goods is evidence of ownership.

4. FALSE PRETENSES ⟺38 — EVIDENCE — OWNERSHIP AND POSSESSION.

In view of Code 1907, § 2462, in prosecution for obtaining goods by false pretenses, proof that person from whom goods were fraudulently obtained was in possession will sustain an indictment in Code form under section 7161, form 58.

5. FALSE PRETENSES ⟺32 — INDICTMENT — OWNERSHIP.

Under Code 1907, § 7161, form 58, indictment for obtaining goods by false pretenses need not specify owner of property.

6. FALSE PRETENSES ⟺38—EVIDENCE—SUFFICIENCY.

In prosecution for obtaining goods by false pretenses, evidence, to sustain conviction, must show that person whom the indictment charged goods to have been obtained from, had some right, title, or interest in the property, or was in some way responsible therefor.

Appeal from Circuit Court, Autauga County; W. W. Pearson, Judge.

Mark Bazzell was convicted of false pretense, and he appealed. Reversed and remanded.

Omitting formal charging part the indictment is as follows:

(1) Mark Bazzell did falsely pretend to Henry Wilson, with intent to defraud, that he had and owned two certain mules and a two-horse wagon, to wit, one red mule and one bay mule, and that he owned lands in Autauga county, Alabama, all of which was free from all incumbrance, and by means of such false pretense obtained from the said Henry Wilson fourteen tons of fertilizer and one ton of nitrate of soda, of the aggregate value of three hundred and thirty-one dollars, the personal property of the American Agricultural Chemical Company, a corporation.

(2) Mark Bazzell did falsely pretend to Henry Wilson, with intent to defraud, that he had and owned two mules, a two-horse wagon, and lands in Autauga county, Alabama, all of which was free from all incumbrance, and by means of such false pretenses obtained from Henry Wilson or from Will Narramore, fourteen tons of fertilizer and one ton of nitrate of soda of the aggregate value of three hundred and thirty-one dollars, against the peace and dignity of the state of Alabama.

J. A. Holmes, of Wetumpka, and C. E. O Timmerman, of Prattville, for appellant.

Emmett S. Thigpen, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. [1, 2] While it is sufficient in an indictment for the statutory offense of obtaining goods by false pretenses to allege generally an intent to injure or defraud, without naming the person intended to be defrauded, the indictment must show some reasonable connection between the accomplished fraud and the false pretense. Mack v. State, 63 Ala. 138; Headley v. State, 106 Ala. 109, 17 South. 714; Code 1907, § 7146. Where the indictment alleges that the false pretense was made to one person and that the goods were obtained from another, it is subject to demurrer, unless it shows some relation between the person to whom the pretense was made and the other, with reference to the title or possession of the goods. Bailey v. State, 159 Ala. 4, 48 South. 791, 17 Ann. Cas. 623, and note; People v. Behee, 90 Mich. 356, 51 N. W. 515; Jacobs v. State, 31 Neb. 33, 47 N. W. 422; Owens v. State, 83 Wis. 496, 53 N. W. 736; 11 R. C. L. p. 858, par. 40.

[3-5] Possession of goods is evidence of ownership, which the law regards and will protect as against a wrongdoer, and proof that a person from whom the goods were fraudulently obtained was in possession will sustain an indictment in Code form. Mack v. State, supra; Heygood v. State, 59 Ala. 61; Birmingham Sou. R. R. v. Goodwyn, 81 South. 339; Code 1907, § 2462. And it is not necessary to a good indictment that the ownership of the property be laid in any specific person. See Code 1907, § 7161, form 58. Neither of the counts in this case follow the form prescribed by the Code, and they were subject to the objections pointed out in the demurrers. The court erred in overruling the demurrers.

[6] The evidence in this case shows that neither Wilson nor Narramore were in possession of the goods alleged to have been fraudulently obtained by the defendant; it appears that the goods, at the time of the alleged false pretense were in the possession of the American Agricultural Chemical Company in Montgomery, and the alleged false pretense, as the evidence tended to show, was made to Wilson, in Prattville. The evidence shows that Wilson was not an employé or agent of the American Agricultural Chemical

Company, and there is nothing in the record to show that Wilson or Narramore ever acquired any right, title or interest in the property, or in any way became responsible therefor. In the absence of such proof, under the indictment in this case, the defendant was entitled to the affirmative charge.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.