STATE, Respondent, v. MONDRY, Appellant.

(203 N. W. 468.)

(File No. 5714.   Opinion filed April 18, 1925.)

**False Pretenses—Criminal Law—Information—Information Held Insufficient in Omitting Averment of Knowledge of Want of Credit.**

Information, in prosecution under Laws 1923, c. 121, charging defendant with passing a check, knowing that he did not have sufficient funds on deposit in bank against which check was drawn to pay same, **held** insufficient to charge a public offense, in absence of additional statutory averment that he knew that he did not have sufficient credit to meet same.

Appeal from Circuit Court, Day County; HON. J. J. BATTERTON, Judge.

J. A. Mondry was convicted of passing a check without sufficient funds on deposit to pay same, and he appeals. Reversed.

*Waddel & Dougherty,* of Webster, for Appellant.

*I. S. Coomes,* State's Attorney, and *L. H. Woodworth,* Deputy State's Attorney, both of Webster, and *Buell F. Jones,* Attorney General, for Respondent.

POLLEY, P. J. Defendant was convicted upon an information charging him with a violation of chapter 121, Laws 1923. This statute makes it unlawful for a person to execute and deliver a check for any sum of money on a bank, knowing at the time of the execution and delivery of such check that he has not sufficient funds on deposit in said bank, or credit with said bank, to pay such check. The information charges only that at the time of the execution and delivery of the check involved the defendant knew that he did not have sufficient funds on deposit in the bank against which the check was drawn to pay the same.

Defendant demurred to the information upon the ground, among others, that the information does not state facts sufficient to constitute a public offense. This demurrer should have been sustained. The crime created by this statute consists of two essential elements: First, that defendant must know at the time he delivers the check that he has not sufficient funds in the bank to pay the same; and, second, he must know that he has not sufficient credit at such bank, so that the check will be paid when presented.

In order to constitute the offense attempted to be charged, both elements must be charged; and in order to warrant a conviction, both elements must be proved. The information must charge, not only that the defendant did not have sufficient funds on deposit in the bank against which it was drawn, but that he knew that he did not have sufficient credit either. In this case every statement made in the information may be true, and still the defendant not be guilty.

The judgment and order appealed from are reversed.

CAMPBELL, J., not present.

Note.—Reported in 203 N. W. 468. See, Headnote, American Key-Numbered Digest, False Pretenses, Key-No. 30, 25 C. J. Sec. 72, Banks and banking, 7 C. J. Sec. 391.