(No. 19128.— <span style="background:black"> </span>)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ACHILLIS BALALAS, Plaintiff in Error.

*Opinion filed April 20, 1929.*

FARMER, J., dissenting.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE DIETZ delivered the opinion of the court:

Plaintiff in error was convicted by the judgment of the municipal court of Chicago for the violation of paragraph 164 of the Criminal Code. (Cahill's Stat. 1921.) The prosecution was by information, to which a plea of not guilty was entered. A jury trial was waived and the

hearing was before the court. Motions for new trial and in arrest of judgment were made and overruled and plaintiff in error was sentenced to ninety days' imprisonment in the house of correction and to pay a fine of $200 and the costs of prosecution. This conviction was affirmed by the Appellate Court and the case is brought here by writ of error.

The only contention of the plaintiff in error is that the information was insufficient to charge the crime created and defined by the statute. The information charges that plaintiff in error "on the 24th day of February, A. D. 1926, at the city of Chicago aforesaid, did then and there willfully and unlawfully and by means of a fraudulent check, and with the intent to cheat and defraud, obtain from this affiant a waiver of lien for $200 on property owned by the said Archillis Balalas. The said Archillis Balalas tendered this affiant a check for $200 drawn on the Fidelity Savings Bank of Chicago, made payable to Paul Demos and signed A. Balalas, when at the time the said Archillis Balalas did not have sufficient funds in said bank, in viol. of par. 164, ch. 38, R. S. of 1921."

The material provisions of the statute involved are as follows: "That any person who with intent to defraud shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depositary, and thereby obtain from any person any money, personal property or other valuable thing knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check, draft or order in full upon its presentation, shall be guilty of a misdemeanor. * * * The making, drawing, uttering or delivering of such check, draft or order as aforesaid shall be *prima facie* evidence of intent to defraud. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the

bank or depositary for the payment of such check, draft or order."

The statute divides the offense into four separate, essential elements: (1) An intent to defraud; (2) the making, drawing, uttering or delivering of a check, draft or order for the payment of money upon some bank or other depositary; (3) the obtaining thereby from another of money, personal property or other valuable thing; and (4) knowledge of the maker or drawer at the time that he has not sufficient funds in or credit with such bank or other depositary for the payment of such check, draft or order in full upon presentation.

It is contended by the defendant in error that knowledge of insufficient funds and credit must be inferred from the averment "with intent to defraud." The argument is that the accused could not have intended to defraud unless he had such knowledge. This does not follow. Neither of these two elements of the offense is to be inferred from the other. Either can be present where the other is absent. For example, a person knowing that he has insufficient funds may issue a check without an intent to defraud, as where he expects to deposit sufficient funds before the check can be presented. On the other hand, one having sufficient funds may issue a check with intent to defraud, as where he expects to withdraw his deposit before the check can be presented. Furthermore, the statute declares that the "making, drawing, uttering or delivering of such check, draft or order as aforesaid shall be *prima facie* evidence of intent to defraud." If the argument of defendant in error is sound, then the same proof would be *prima facie* evidence also of knowledge of insufficient funds and credit. Thus a conviction could be had without actual proof of either knowledge or intent and wherever anything of value has been obtained by a check dishonored for insufficient funds. This clearly could not have been the intention of the legislature. "The rule is, that where the word 'knowingly'

is used in the statute and forms a part of the definition of the offense it must be used in the information based upon such statute.—(2 Bishop's New Crim. Proc. 482; Bishop on Stat. Crimes, sec. 733.)" (*People* v. *Tait,* 261 Ill. 197.) "The *scienter* must be averred and proved. Certainly it must be where the indictment is on a statute having the word 'knowingly' or its equivalent." (3 Bishop's New Crim. Proc. p. 1506.) It has been held that where a statute which charged the offense of uttering and giving in payment a forged and counterfeit bank note used the words "knowing the same to be forged and counterfeited," an indictment in which such words are omitted is not remedied by an averment that the note was uttered and given in payment with "an intent to defraud." (*State* v. *Nicholson,* 14 La. Ann. 785.) In this case the information omitted the fourth element of the crime. This omission was not cured by the averment of the first element of it. The information fails to allege all of the essential elements constituting the offense created and defined by the statute for the violation of which plaintiff in error was convicted. An indictment or information must allege all of the essential elements constituting the offense, and where this is not done a conviction cannot be affirmed. *People* v. *Minto,* 318 Ill. 293; *People* v. *Holtzman,* 272 id. 447.

The Appellate Court should have reversed the judgment of the municipal court. The judgments of both courts are reversed.

*Judgments reversed.*

Mr. JUSTICE FARMER, dissenting:

I do not agree with the majority opinion. In my opinion the information was sufficient, and the judgments should be affirmed.