## MORRIS ROBINSON v. STATE.

No. A-7169. Opinion Filed March 8, 1930.
Rehearing Denied June 28, 1930.
(289 Pac. 785.)

Burns McCain, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The information in this case was filed in the district court of Tulsa county, August 24, 1927, charging the defendant with obtaining money under false pretense. Defendant was tried and convicted and sentenced to pay a fine of $1,200, from which judgment the defendant has appealed to this court.

The case-made, with petition in error, was filed in this court on September 10, 1928. Under the rules of this court where the appeal is not supported by brief, and no appearance is made for the plaintiff in error, it is assumed that the appeal has been abandoned or is without merit.

The record has been carefully examined, and we find the information sufficiently charges an offense of obtaining money under false pretense; that the evidence supported the charge. The instructions of the court were reasonably fair to the defendant. There are some minor errors appearing in the record committed by the trial court, but, in view of the fact that the appeal has not been followed up by the defendant they are not deemed sufficient to justify the court in reversing this case.

Finding no fundamental or prejudicial errors in the record sufficient to warrant a reversal, the judgment is affirmed.

## On Rehearing.

The original opinion in this case was rendered March 8, 1930. At the time the original opinion was rendered, no brief had been filed in support of the errors assigned. Since the opinion was rendered, the plaintiff in error has briefed his assignments of error and urged that his demurrer to the information should have sustained, for the reason that the information did not comply substantially with the Code of Criminal Procedure; that more than one

offense is charged in the information; that the facts set forth in the information do not constitute a public offense.

It is urged by the plaintiff in error that his demurrer should have been sustained for the reason that the information did not charge that the defendant knew the alleged false statements to be untrue, and in support of his contention the plaintiff in error cites a number of authorities, one of which is People v. Butler et al., 35 Cal. App. 357, 169 Pac. 918; in that case the plaintiff in error contended that the allegations in the information were not sufficient to charge an offense against him.

Upon an examination of the information in the case of People v. Butler et al., supra, we find the only allegation in that information is: "That in truth and in fact such claim he was then and there presenting to said board of supervisors was fraudulent and false." The Supreme Court of California held the information bad, as it did not charge sufficient facts under the peculiar wording of its statute. The statute under which the plaintiff in error in this case was informed against is as follows:

Section 2145, C. O. S. 1921:

"Any person who, with intent to cheat or defraud another, designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable by imprisonment in the penitentiary not exceeding three years or in a county jail not exceeding one year, or by a fine not exceeding three times the value of the money or property so obtained, or by both such fine and imprisonment."

It is not disputed that under the statute the knowledge of the falsity of the defendant's statement is a material ingredient of the crime, and that the information must contain an allegation that the plaintiff in error knew

the representations made by him were false or words of similar import that would imply the knowledge on his part. It is necessary that knowledge of the falsity of the pretense be averred, unless the pretenses stated are of such a nature as to exclude the possible hypothesis of the defendant not knowing of their falsity. People v. Behee, 90 Mich. 356, 51 N. W. 515; People v. Butler et al., 35 Cal. App. 357, 169 Pac. 918; People v. Millan, 106 Cal. 320, 39 Pac. 695; Doxey v. State, 47 Tex. Cr. R. 503, 84 S. W. 1061, 11 Ann. Cas. 830; People v. Balalas, 334 Ill. 444, 166 N. E. 47; State v. Mondry, 48 S. D. 189, 203 N. W. 468.

After a careful study of the information in this case, we find that it is stated in the first part of the information:

"Said defendant then and there representing and stating to the said W. Dickinson and H. H. Mahler, that he had arranged for drilling tools, and had them loaded on the truck ready to move on said lease, and that the said statements made by the defendant was false and untrue."

Further on in the information it is stated:

"Said statement and representations so made by the defendant was for the false, fraudulent and felonious intent then and there on the part of the said defendant to beat, cheat and defraud."

The question to be determined is, Did the information state sufficient facts to advise the defendant of the charge against him, and are the statements contained in the information as to the representation made by the defendant of sufficient import to show knowledge upon the part of the defendant that the statements when made by him were known by him to be false.

In Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552, and Basham v. State, 47 Okla. Cr. 204, 287 Pac. 761, this court

held that a specific allegation of the knowledge of the falsity of the representations made is not necessary, that words of similar import may be employed.

After a careful consideration of all of the authorities presented, we hold that the language used in the information is of sufficient import to charge knowledge on the part of the defendant that, at the time he made the statements alleged to have been made by him to W. Dickinson and H. H. Mahler, he knew the same were false and untrue.

There are other errors discussed by the defendant, but, after a careful reading of the errors assigned and the authorities cited in support of the errors assigned, we do not find any error of sufficient merit to warrant a reversal of this case.

The petition for rehearing is denied.

EDWARDS, P. J., and CHAPPELL, J., concur.