(129 So. 718)

### HARRISON v. STATE.
### 4 Div. 580.

Court of Appeals of Alabama.
June 30, 1930.

10

J. C. Yarbrough, of Enterprise, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

SAMFORD, J.

The first count of the indictment which undertakes to charge the statutory offense under § 4131 of the Code of 1923, does not follow the form laid down in the Code, § 4556 (form 58), in that it fails to allege from whom the "check" was obtained. Under our system of pleading, in prosecutions of this character, a general allegation of the intent

to injure or defraud is all that is necessary, but the defendant is entitled to an indictment putting him on notice as to the person from whom the property or money was obtained, otherwise the indictment is subject to appropriate demurrer. Bazzell v. State, 16 Ala. App. 663, 81 So. 183; Mack v. State, 63 Ala. 138.

As this judgment must be reversed for and on account of the error of the trial court in overruling the demurrer, which will necessitate another indictment before the prosecution can proceed, we call attention to the further fact, as disclosed by the record, that even if the demurrer was not well taken, the defendant under the facts was entitled to the general charge, in that the indictment charged the obtaining of a check, while the paper introduced in evidence was a draft and dependent for its validity upon the signature of any person who would sign and attach a receipt for 492 pounds seed cotton.

Another thing, whatever of value was obtained by the false pretense or token here charged was obtained from the First National Bank of Enterprise, whether the bank or Heath & Son were the ultimate losers is of no moment.

If the fraud was practiced on Harrell, the agent and bookkeeper for Heath & Son, who signed the draft by reason of the fraud of defendant, the defendant would be amenable to section 4135 of the Code, and not to section 4131.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.